Mildred **DAUBERT** and Ethel **Royster,** individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Wilbur J. **SCHMIDT** et al., Defendants.

No. 73–C–11.

United States District Court,
E. D. Wisconsin.

Oct. 21, 1980.

Steven Steinglass, Margaret Vergeront, Legal Action of WI, Inc., Madison, Wis., for plaintiffs.

Robert W. Larsen, Gerald S. Wilcox, Madison, Wis., for defendants.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

Before the court is the motion of the defendants for relief from the consent judgment entered in this action on June 1, 1973. This motion is brought pursuant to Rule 60(b)(5), Federal Rules of Civil Procedure, by Donald E. Percy, the successor in office to Wilbur J. Schmidt as secretary of the Department of Health and Social Services for the state of Wisconsin (DHSS).

This action originally arose as an action brought against Mr. Schmidt and DHSS to declare "that the defendant's failure to make awards of categorical assistance retroactive to the first of the month in which the application is made to persons who received general relief during the pendency of their application violates rights secured by [various constitutional and statutory provisions] . . . ." ¶ 3, Prayer for Relief, Verified Complaint, p. 10 (filed January 9, 1973). Injunctive relief was sought.

The parties subsequently agreed to settle the action and prepared a consent judgment for entry by the court. The judgment was entered on June 1, 1973. The first paragraph of the consent judgment provided:

"Defendant WILBUR J. SCHMIDT, as Secretary of the Wisconsin Department of Health and Social Services, and [others], are hereby permanently enjoined from failing to make grants of financial assistance under the categorical assistance programs known as Blind Aid, § 49.18, WIS.STATS. (1971), Aid to Fami-

lies with Dependent Children, § 49.19, WIS.STATS. (1971), Old Age Assistance, §§ 42.22 et seq., WIS.STATS. (1971), and Disabled Aid, § 49.61, WIS.STATS. (1971) retroactive to the first of the month in which such financial assistance is applied for and eligibility is shown to have existed."

The mandate contained in the 1973 judgment has continued in effect to this date. However, earlier in the present year Mr. Percy as head of DHSS determined that budgetary problems required that DHSS reduce its expenditures. One proposed cost–cutting measure was to change the DHSS policy of paying benefits made under Aid to Families with Dependent Children program (AFDC). Up to that time, such benefits were made retroactive to the first day of the month in which a completed application was submitted if eligibility was shown to exist as of the first of that month. See Income Maintenance Manual of DHSS, § III–D–12(6)(b). It was proposed to alter that policy to pay benefits as of the date of entry of the application into the state computer system, or twenty–nine days from the date of the application, whichever was less.

On September 2, 1980, I held a hearing on the plaintiffs' motion to find the defendants in contempt for violating the terms of the 1973 consent judgment. While I declined to find the defendants in contempt, I did find that the proposed policy change violated the literal terms of paragraph one of the 1973 consent judgment. DHSS has continued to comply with the policy required by the 1973 judgment, pending resolution of the motion now before the court.

■ The plaintiffs urge that Mr. Percy errs in referring to the policy of granting AFDC eligibility retroactive to the first of the month of application as a "voluntary" policy; it is, as the plaintiffs point out, a policy ordered by the court. Nevertheless, the court does have the power to modify this injunction even though it was the product of an agreement between the parties. The defendants aptly quote Justice Cardozo's comment in United States v. Swift & Co., 286 U.S. 106, 114–15, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932):

"We are not doubtful of the power of a court of equity to modify an injunction in adaptation to changed conditions though it was entered by consent . . . . A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need . . . . [A] court does not abdicate its power to revoke or modify its mandate if satisfied that what it has been doing has been turned through changed circumstances into an instrument of wrong." (citations omitted).

■ The defendant has moved for modification pursuant to Rule 60(b)(5), Federal Rules of Civil Procedure. The portion of that rule relevant to this case provides that a party may be relieved from a final judgment if "it is no longer equitable that the judgment should have prospective application." The court of appeals for the seventh circuit has interpreted Rule 60(b)(5) to require the movant to show "how continued enforcement of the injunction works an injustice or constitutes a 'grievous wrong.'" De Filippis v. United States, 567 F.2d 341, 344 (7th Cir. 1977) (citing Swift, supra). Determining whether an injunction should be modified is left to the discretion of the trial court. International Nikoh Corp. v. H. K. Porter Co., 374 F.2d 82 (7th Cir. 1967); Wright & Miller, Federal Practice and Procedure: Civil § 2857.

The plaintiffs have argued that under De Filippis the defendants must demonstrate changed circumstances that make continued enforcement of the injunction a "grievous wrong"; the defendants have urged that such changed circumstances exist. The defendants place great weight on the fact that three of the four categorical aid programs mentioned in paragraph one of the 1973 judgment are no longer administered by the state. The three programs (old age assistance, blind aid, and disabled aid) were repealed in favor of federal administration. The defendants argue that this removes a major basis for the original lawsuit and the 1973 judgment.

■ There are two answers to the defendants' argument. First, the AFDC program, which is the subject of the controversy at bar, is still in fact administered by the state. Its status has not been altered in any way. Secondly, the change in the other three categorical aid programs became effective on January 1, 1974. Thus the change in the program administration occurred over five years ago. It is a little difficult, at this late date, to regard this alteration as a "changed circumstance" sufficient to justify modification of this injunction.

■ In addition to the "changed circumstances" test in *De Filippis*, I believe that such case permits a broader consideration in resolving the issue of amending the judgment. The party desiring modification may also show that continued enforcement of the injunction "works an injustice." *De Filippis*, p. 344. I am convinced that further enforcement of paragraph one of the 1973 judgment will indeed work a significant injustice sufficient to warrant modification of the injunction.

■ My determination regarding continued enforcement of this injunction is supported by an examination of the gravamen of the original action. At the time of the commencement of this lawsuit, the state maintained the four categorical aid programs and a general relief program. The four programs were governed by both state and federal regulations. The general relief program was entirely a state program administered by county welfare agencies. Wis.Stat. § 49.01 *et seq*. As noted above, the plaintiffs in the original action were concerned about applicants in the four categorical programs who first received general relief from the state. The complaint alleges that DHSS would not grant financial assistance to applicants for aid under the four programs for any period when the applicant had received general relief. DHSS had a presumption that the aid from the general relief program was sufficient to provide for the applicant's needs.

This presumption had the result that those who received general relief prior to a finding of eligibility for the four programs were treated less favorably than those applicants for the four programs who did not receive general relief. A fair reading of the original complaint reveals that it was this differential treatment that was challenged on constitutional and statutory grounds.

The underlying lawsuit was not an action to require DHSS to pay benefits under the four programs retroactive to the first day of the month when the application was filed; that policy was in effect prior to the filing of the lawsuit and was not directly affected by the lawsuit. The relief sought by the plaintiffs in 1973 was a requirement that DHSS apply this policy *uniformly* to all applicants for aid under the four categorical aid programs, irrespective of whether an applicant had received general relief or not.

DHSS is not required by any statute or regulation to maintain this policy. DHSS was and is permitted to pay benefits in this manner if it wishes. 45 C.F.R. § 206.-10(a)(6); Wis.Adm.Code, § PW–PA 20.11. These regulations give DHSS discretion to set the timing of the commencement of benefits within certain limits. The proposed change in policy is within those regulatory requirements.

Thus the 1973 judgment is the only constraint that exists to prevent DHSS from changing its policy regarding the time for commencement of benefits. While the literal terms of paragraph one of the 1973 judgment require this result, it is clear that when the 1973 judgment is read in its entirety, its purpose is to end the disparate treatment between those who received general relief and those who did not. Paragraphs 2, 3 and 4 directly support this interpretation. I am convinced that it would be an injustice to interpret the 1973 judgment in the manner the plaintiffs wish when the effect should be far greater than that necessary to achieve the relief originally sought. This is especially so when the desired interpretation completely removes all administrative discretion from the agency that has been properly given it in the statutory framework.

The plaintiffs argue that they had significant statutory and constitutional arguments in 1973, the airing of which the consent judgment foreclosed. This is probably true, but it is not a justification for the interpretation urged by the plaintiffs. The complaint did not seek as relief the interpretation that the plaintiffs now advance, and the plaintiffs concede that then, as now, the applicable rules permitted the policy change sought by the defendants. Thus the plaintiffs' argument that the modification sought will in some way deprive the plaintiffs of their right fully to litigate this action is not persuasive.

The defendants have put forward the budgetary problems faced by DHSS and the state of Wisconsin as a changed circumstance sufficient to justify modification of the injunction. The plaintiffs in turn argue that these budgetary problems are not sufficient and cite considerable case law in support of that position. I am mindful of the problems outlined in Mr. Percy's affidavit, but I do not base this decision on them. I believe that it is the wiser use of the court's discretion to analyze this question solely in terms of the effect that the literal provisions of this injunction has on the proper discretion of DHSS. Therefore I do not reach the issue whether the budgetary problems outlined are a sufficient change in circumstances to justify modification of this injunction. I am persuaded that the operation of this injunction totally curtails the discretion of DHSS in this area and that this is an injustice that warrants relief from the 1973 judgment. Accordingly, the defendants' motion for relief will be granted and paragraph one of the 1973 judgment will be vacated.

The defendants have not provided the court with any guidance as to how the amended injunction should read. The defendants are requested to serve and file a proposed injunction within ten days which will be consistent with this opinion and will continue to require DHSS to grant AFDC aid to recipients of general relief in the same manner as AFDC aid is granted to those who do not receive general relief. The plaintiffs will then be permitted ten days to submit any objection they may have to the defendants' proposed injunction.

Therefore, IT IS ORDERED that the defendants' motion for relief from judgment be and hereby is granted.