ASHLAND OIL, INC., Appellant,

v.

DELTA OIL PRODUCTS CORPORATION,
Appellee.

Appeal No. 85–939.

United States Court of Appeals,
Federal Circuit.

Dec. 2, 1986.

Bruce Tittel, Wood, Herron & Evans, Cincinnati, Ohio, argued for appellant. With him on brief was William G. Konold.

Before MARKEY, Chief Judge, DAVIS, Circuit Judge, and BALDWIN, Senior Circuit Judge.[*]

MARKEY, Chief Judge.

Appeal from an order of the United States District Court for the Eastern District of Wisconsin denying Ashland Oil, Inc.'s (Ashland's) motion under Fed.R.

* Judge Baldwin assumed senior status effective November 25, 1986.

Civ.P. 60(b) for relief from that court's judgment of April 24, 1981, as amended May 7, 1981. We affirm.

## BACKGROUND

In 1976, Ashland sued Delta Oil Products Corporation (Delta) in the United States District Court for the Eastern District of Wisconsin for infringing two of its patents for foundry binders. Delta denied infringement, asserted that the patents were invalid, and counterclaimed that Ashland had violated the antitrust laws. The district court separated the issues of patent validity and infringement for trial before the antitrust issues. The court limited the claims in suit to five claims of one of the allegedly infringed patents and two claims of the other.

The district court conducted an eight-day bench trial in October and November 1980. On March 26, 1981, the district court issued a Decision and Order holding every claim in suit invalid for obviousness under 35 U.S.C. § 103 and not infringed. 212 USPQ 508. To reach its conclusion on obviousness, the court analyzed prior art references, but did not consider objective evidence of nonobviousness, such as Ashland's commercial success. Citing Seventh Circuit precedent, the court said that objective evidence of nonobviousness could be weighed only in a close case, and that this was not a close case. 212 USPQ at 516.

The district court also held invalid for double patenting all claims of one of Ashland's patents, including those claims not in suit. The court entered judgment for Delta on April 24, 1981, and an amended judgment on May 7, 1981. It effectively certified its judgment under Fed.R.Civ.P. 54(b).

On the authorized appeal to the Seventh Circuit, Ashland argued that the district court had erred in failing to consider the inventions' commercial success in reaching its conclusion on obviousness. The Seventh Circuit affirmed the district court judgment except for that portion holding invalid for double patenting the claims that had not been in suit. 685 F.2d 175, 216 USPQ 857.

The Supreme Court denied Ashland's petition for a writ of certiorari on April 18, 1983. 460 U.S. 1081, 103 S.Ct. 1769, 76 L.Ed.2d 343.

On May 27, 1983, Ashland moved the district court under Fed.R.Civ.P. 60(b)(6) for relief from its 1981 judgment, arguing that the legal standard applicable to the case had changed. Ashland argued that the judgment should be vacated because the precedent in this court, *e.g., In re Sernaker,* 702 F.2d 989, 996, 217 USPQ 1, 7 (Fed.Cir.1983); *In re Fielder,* 471 F.2d 640, 644, 176 USPQ 300, 303 (CCPA 1973), required the decisionmaker to consider all evidence probative of the obviousness/nonobviousness question before reaching a conclusion under 35 U.S.C. § 103. Ashland pointed out that the 1981 judgment would affect the continuing litigation of Delta's antitrust counterclaim and could affect pending lawsuits with other parties over the same patents. The district court denied Ashland's motion on August 24, 1984. The court said it had determined that consideration of the objective evidence did not change its conclusion that the claims in suit would have been obvious in light of the prior art.

## ISSUE

Whether the district court abused its discretion in denying Ashland's motion for relief from judgment.

## OPINION

■■■■ This court reviews a ruling under Fed.R.Civ.P. 60(b) only to determine whether the district court abused its discretion. *Browder v. Director, Illinois Dept. of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *CTS Corp. v. Piher International Corp.,* 727 F.2d 1550, 1555, 221 USPQ 11, 14 (Fed. Cir.), *cert. denied,* 469 U.S. 871, 105 S.Ct. 221, 83 L.Ed.2d 151 (1984); *Beshear v. Weinzapfel,* 474 F.2d 127, 130 (7th Cir. 1973). Such a ruling is final and appealable. *See Chrysler Credit Corp. v. Macino,* 710 F.2d 363, 366 (7th Cir.1983). Our jurisdiction is based on 28 U.S.C. § 1295(a)(1).

Federal Rule of Civil Procedure 60(b) sets forth six grounds for relief from judgment. Rules 60(b)(5) and 60(b)(6) provide:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

\* \* \* \* \* \*

(5) ... it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

Ashland designated its motion to the district court as a motion under Fed.R.Civ.P. 60(b)(6). Because Ashland argued to the district court that the judgment would have prospective application, Ashland argues that its motion also falls under Fed.R. Civ.P. 60(b)(5). We will assume that Ashland based its motion on both rules.

■ The Federal Circuit reviews procedural matters that are not unique to patent issues under the law of the particular regional circuit court where appeals from the district court would normally lie. *Panduit Corp. v. All States Plastic Manufacturing Co., Inc.,* 744 F.2d 1564, 1574–75, 223 USPQ 465, 471 (Fed.Cir.1984). The rule in the Seventh Circuit is that a change in the law after entry of judgment does not alone justify relief under Fed.R.Civ.P. 60(b)(6). *De Filippis v. United States,* 567 F.2d 341, 343 n. 5 (7th Cir.1977); *National Business Systems, Inc. v. AM International, Inc.,* 607 F.Supp. 1251, 1254 (N.D.Ill.1985).** Here the question of whether a "change in the law" justified relief was mooted, in any event, by the district court when it said it did consider all the probative evidence and reached the same result. Because the Seventh Circuit rule holds a change in the law alone insufficient to justify relief, the district court's statement may have been gratuitous, but, in light of the rule we will not look behind the court's indication that it had in fact applied the "law" as changed.

■ Under the Seventh Circuit rule, the party seeking relief under Fed.R.Civ.P. 60(b)(6) must show that circumstances surrounding the judgment created a substantial danger of an unjust result. *Merit Insurance Co. v. Leatherby Insurance Co.,* 714 F.2d 673, 682–83 (7th Cir.1983), *cert. denied,* 464 U.S. 1009, 104 S.Ct. 529, 78 L.Ed.2d 711 (1984). Similarly, a party seeking relief from judgment under Fed.R. Civ.P. 60(b)(5) has the burden to demonstrate that continued operation of the judgment will result in inequity. *De Filippis,* 567 F.2d at 343; *Daubert v. Schmidt,* 498 F.Supp. 1344, 1346 (E.D.Wisc.1980).

In *De Filippis,* the Seventh Circuit held that the government's mere citation of a new Supreme Court decision, without affidavits or other evidence, was insufficient to prove that continued enforcement of an injunction would work an injustice. 567 F.2d at 344. The court affirmed the district court's denial of the government's 60(b)(5) and 60(b)(6) motion.

■ Ashland cites as a "change in the law" this court's affirmation of the proper legal standard for decisionmaking under 35 U.S.C. § 103. As in *De Filippis,* however, Ashland has submitted no affidavits or other evidence. Ashland merely argues that continued operation of the judgment will affect its ongoing litigation with Delta and pending lawsuits with other parties. We cannot assume, on the basis of the argument alone, that Ashland, with access to the procedural safeguards of the judicial process, will suffer inequity in those lawsuits, or that other litigants will necessarily succeed in using the present judgment as a broad collateral estoppel against Ashland, who may be able, if it sues on the claims here involved, to argue that it did not have a "full and fair opportunity" to litigate those claims in this case. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788, 169 USPQ 513, 520 (1971). Indeed, as Ashland acknowl-

** Unlike the Third Circuit, *Seese v. Volkswagenwerk,* 679 F.2d 336 (3d Cir.1982), and the Eighth Circuit, *Carter v. Romines,* 593 F.2d 823 (8th Cir.1979), the Seventh Circuit has not held that a denial of certiorari bars relief from judgment under Fed.R.Civ.P. 60(b).

edges in its brief, Delta's attempt to employ a broad estoppel in another lawsuit involving different claims of the same patents was unsuccessful.

Nor can we conclude, on the sole fact that there are "licenses" in effect, that Ashland's possible loss of licensing revenues from those whose products would otherwise infringe only the present claims will work an injustice sufficient to overturn the denial of its Rule 60(b) motion. Loss of money, possible or actual, does not necessarily require the undoing of a judgment entered before a change of law. *Cf. National Business Systems, Inc. v. AM International, Inc.*, 607 F.Supp. 1251 (N.D.Ill. 1985) (change in law regarding defense of fraud on Patent Office did not justify relief from judgment requiring infringer to pay damages).

In sum, Ashland has not met its burden of proof to show that continued operation of the 1981 judgment will result in inequity, or that circumstances surrounding that judgment created an unjust result. Accordingly, Ashland has not shown that the district court abused its discretion in denying Ashland's motion under Fed.R.Civ.P. 60(b)(5) or 60(b)(6) under the standards established by the Seventh Circuit.

AFFIRMED.