975 F.2d 870
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AMERICAN STANDARD, INC., Plaintiff-Appellee,
v.
HARDEN INDUSTRIES, INC., Harvey B. Rodstein, Barbara L.
Rodstein, HBR Partnership, Binho Industrial Co.,
Ltd. and H. Kuo, a/k/a Henry Kuo, Defendants,
and
Ming Chin Enterprise Co., Ltd., and T.H. Chao, A/K/A
Tieh-Hsuing Chao, Defendants-Appellants.
 No. 91-1391.
 United States Court of Appeals, Federal Circuit.
 July 28, 1992.
 
 Before NIES, Chief Judge, and ARCHER and CLEVENGER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 
 1
 Ming Chin Enterprise Co., Ltd and T.H. Chao (Ming Chin and Chao) appeal from the order of the United States District Court for the Central District of California, No. CV 86-6805, dated May 31, 1991, denying their motion under Federal Rule of Civil Procedure 60(b) to vacate a default judgment entered against them. We affirm.
 
 I.
 
 2
 American Standard, Inc. (American Standard) sued Harden Industries, Inc. (Harden) and others in October 1986 for patent infringement, false designation of origin and unfair competition. In September 1987, American Standard amended its complaint to add Ming Chin, a Taiwanese corporation and its owner, T.H. Chao, a resident of Taiwan, as defendants. Initially, all of the defendants, including Ming Chin and Chao, were represented by John T. Jacobs.
 
 
 3
 Chao, Jacobs and Kirk Downing, who represented Ming Chin and Chao in a California court proceeding against Harden, had a series of communications regarding representation in the August to October 1988 time period. Chao referred to Jacobs as his "previous lawyer" and sought legal advice from Downing. The district court found that as early as September 1988 Ming Chin and Chao had authorized Downing to act as their counsel in this case and that Jacobs was notified of this fact by October 1988. Downing forwarded a substitution of attorney form for Chao to sign in October 1988 and informed Chao of his legal fees.
 
 
 4
 At Chao's deposition in December 1988, Downing represented Ming Chin and Chao, and Jacobs represented Harden. During the deposition, Downing stated that the substitution of attorney form had been executed but not yet filed with the court. The non-filing continued. On February 21, 1989, Jacobs wrote Downing and Chao that because of their lack of cooperation, Chao "will have to obtain new counsel for the impending trial." Jacobs formally moved, in March 1989, to withdraw as counsel for Ming Chin and Chao based on a lack of cooperation by the client and a conflict of interest.[1] Notice of Jacobs' motion to withdraw was provided to Ming Chin and Chao in Taiwan and to Downing. Downing was present at the hearing on Jacobs' motion to withdraw and raised no objection. The motion was granted on June 5, 1989.
 
 
 5
 In the meantime, trial was set to begin on April 26, 1988, then changed to February 14, 1989, and finally the case was placed on the court's trailing calendar where the case was "on call" awaiting an opening in the court's congested schedule. American Standard was advised on August 30, 1989 by the deputy clerk that trial would commence on September 5, 1989. In an ex parte application for trial continuance filed September 1, 1989, counsel for American Standard represented that he had contacted Downing to check on the status of Ming Chin and Chao after receiving the deputy clerk's August 30, 1989 trial notice. The district court's finding was that Downing had actual notice of the September 5, 1989 trial setting.
 
 
 6
 After a conference among the parties other than Ming Chin and Chao was held in the district judge's chambers on September 7, 1989, a Minute Order was issued stating that those parties present had reached settlement and ordering the trial continued to September 12, 1989 as to the remaining parties. The record does not indicate that Ming Chin and Chao were represented at the conference or that the Minute Order was sent to them or to Downing. On September 8, 1989, however, counsel for American Standard notified Downing by facsimile letter of the September 12, 1989 trial date. The letter "expressly reminded Downing that defendants' counsel of record [Jacobs] had previously been allowed to withdraw and stated that plaintiff knew of no other United States legal representative for these defendants [Ming Chin and Chao]." Later the same day, American Standard's counsel telephoned Downing's office to confirm that the letter had been received, and to warn that default would be entered if no appearance was made at trial.
 
 
 7
 No one appeared for Ming Chin and Chao on the day of the trial. The court found that Ming Chin and Chao "were provided with notice of the trial and that default would be entered against them if they did not appear." Default was entered against Ming Chin and Chao on October 31, 1989.
 
 
 8
 On January 29, 1990, American Standard filed a motion for default judgment and notified Ming Chin and Chao by mail of the motion.[2] In addition, American Standard sent a copy of the motion to both Downing and Jacobs. At the hearing on the motion, held on February 26, 1990, no appearance was made for Ming Chin and Chao. As a result, the district court entered default judgment against them for $3,422,290 on March 5, 1990.
 
 
 9
 Chao asserts that he first learned of the default judgment on August 10, 1990. Ming Chin and Chao filed a motion to set aside the default judgment on March 1, 1991, which the district court denied on May 31, 1991. This appeal followed.
 
 II.
 
 10
 The Federal Circuit reviews procedural matters that are not unique to patent issues in accordance with the applicable regional circuit law. Ashland Oil, Inc. v. Delta Oil Products Corp., 806 F.2d 1031, 1033, 1 USPQ2d 1073, 1075 (Fed.Cir.1986); Panduit Corp. v. All States Plastic Mfg. Co., 744 F.2d 1564, 1575, 223 USPQ 465, 472 (Fed.Cir.1984). Under the law of the Ninth Circuit, review of a district court's ruling under Rule 60(b)[3] is to determine whether the district court abused its discretion and a district court's refusal to vacate a default judgment will be reversed only upon a clear showing of abuse of discretion. Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985). See also Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 690 (9th Cir.1988); Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir.1987). Factual findings of the district court with respect to a Rule 60(b) motion are reviewed for clear error. Meadows, 817 F.2d at 521.
 
 
 11
 The rule in the Ninth Circuit is that the district court has discretion to deny a Rule 60(b) motion if (1) the defendant's culpable conduct led to the default judgment, (2) the defendant had no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside. Id. If the default judgment was entered due to the defendant's culpable conduct, however, the court need not consider the questions of whether the defendant has a meritorious defense or whether there would be prejudice to the plaintiff. Id.
 
 III.
 
 12
 In denying the Rule 60(b) motion in this case, the district court expressly recognized that under Ninth Circuit law it must bear in mind certain considerations that tend to limit its discretion. These are: (1) since Rule 60(b) is remedial, it must be liberally construed; (2) default judgments are generally disfavored and cases should be decided on their merits; and (3) where timely relief is sought and there is a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment. Meadows, 817 F.2d at 521; Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir.1974). Nonetheless, because of the failures of the chosen legal representatives of Ming Chin and Chao and because of their own culpability, the district court determined that the motion of Ming Chin and Chao should be denied.
 
 
 13
 Although attorney Downing never entered a formal appearance on behalf of Ming Chin and Chao, the district court found that Downing had been chosen by them as their legal representative as a result of the withdrawal of their former counsel and that Ming Chin, Chao and Downing had signed a substitution of attorney form well before trial was scheduled. Downing appeared at the hearing on the former attorney's motion to withdraw and raised no objection, and he represented Chao at his deposition in the instant case. The district court further found that Downing had actual notice of the scheduled trial date of September 5, 1989 and of the date of September 12, 1989 to which trial was continued. As the court stated, "the notice he had been given was express and unequivocal." From these facts the court concluded that Ming Chin and Chao had constructive notice of trial. See Direct Mail, 840 F.2d at 690 (If a defendant has received actual or constructive notice of the filing of an action and failed to answer, his conduct is culpable.); Meadows, 817 F.2d at 521.
 
 
 14
 The district court did not consider the conduct of Downing as the chosen attorney of Ming Chin and Chao, standing alone, to be sufficient to deny the Rule 60(b) motion. It considered other circumstances which in the court's view demonstrated that Ming Chin and Chao were at fault and that their own actions or failures to act led to the granting of the motion for default judgment.
 
 
 15
 The district court attributed the following culpable conduct to Ming Chin and Chao: (1) failure to communicate with former counsel Jacobs and necessitating his withdrawal; (2) failure to actively monitor the general progress of the case following notice of the withdrawal of counsel; (3) failure of Ming Chin, as a corporation, to be represented by counsel following Jacobs' withdrawal; (4) failure to confirm that Downing had substituted in as counsel of record, despite knowledge that he had not done so, even after Chao signed a substitution of counsel form; and (5) failure to respond in any fashion despite notice of American Standard's motion for default judgment.
 
 
 16
 Based on our review of the record and the facts found by the district court, we are not convinced that Ming Chin and Chao have demonstrated a clear abuse of discretion by the district court in denying their Rule 60(b) motion.
 
 
 17
 It is apparent that there was gross inattention and negligence on the part of Downing in the handling of this case for Ming Chin and Chao. The cause of his failure to appear for the trial, of which he had "express and unequivocal" notice, after representing the parties on two prior occasions in this case--the hearing on Jacobs' withdrawal and Chao's deposition, and in the state court case--is unexplained. Similarly unexplained is why Downing did not respond in any manner to the motion for default judgment. We also do not know why Downing, after the substitution of attorney form was signed, did not formally enter his appearance in this case--although as noted he provided representation to Ming Chin and Chao in this case.
 
 
 18
 Based on all of these circumstances, the district court in our view properly faulted the conduct of Downing; yet the court did not find this alone sufficient to deny the Rule 60(b) motion. The court said that "were this the only evidence of movants' culpability, the court would likely find it inadequate to preclude set aside." But the court found that "movants are not blameless and their culpability goes much deeper."
 
 
 19
 In their briefs on appeal, Ming Chin and Chao deny all culpability and try to focus all blame on their attorney, Downing. Ming Chin and Chao contend that they hired Downing and justifiably believed he would represent them in this case. The evidence is clear, however, that Chao knew at the time of his deposition that Downing had not filed with the court the previously signed substitution of attorney form. Although they contend that Chao confirmed in May 1989 that Downing would represent them, Ming Chin and Chao made no further inquiry as to the filing of the substitution of counsel form or the trial dates, even though they knew that trial was impending. We cannot say that this lack of attention to this case in the intervening months until the default judgment issued in March 1990 (or in fact until August 1990 when Chao says he first learned of the default judgment or March 1, 1991, when this motion was filed) was not culpable conduct.
 
 
 20
 Applying the appropriate standard of review, as opposed to retrying the motion, we are unpersuaded that the district court clearly erred in concluding that Ming Chin and Chao were at fault and directly responsible for the entry of the default judgment against them or that it abused its discretion in denying their Rule 60(b) motion. Their failures cannot be equated with mere mistake, inadvertence or excusable neglect. See Rule 60(b)(1). The court's findings show that the parties and their counsel disregarded the court ordered dates for trial. As to the impending default and judgment, Ming Chin and Chao were at fault in not monitoring their attorney and in not providing a current address. Their attorney, who had actual notice of the impending default judgment, did nothing. Because of the culpability of Ming Chin and Chao, it was not necessary for the district court to consider whether they might have meritorious defenses.
 
 
 
 [1]
 The conflict apparently was caused by the above-mentioned suit Ming Chin and Chao instituted against Harden in state court in which Downing represented Ming Chin and Chao
 
 
 [2]
 While Ming Chin and Chao asseret that they did not receive the notice, apparently having moved to a new business adress, the district court found that "the motion itself [was] addressed to both" Ming Chin and Chao and was properly served by sending to their last known adress
 
 
 [3]
 Rule 60(b) reads in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake inadvertence, suprise and excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.