**THE REGENTS OF THE UNIVERSITY OF MICHIGAN, the Board of Trustees of Michigan State University, Plaintiffs,**

and

**Vetgen, L.L.C., Plaintiff–Appellee,**

v.

**GENESEARCH, L.L.C., Defendant,**

and

**Mary H. Whiteley, Defendant–Appellant.**

No. 03–1411.

United States Court of Appeals, Federal Circuit.

Nov. 7, 2003.

Before RADER, BRYSON, and PROST, Circuit Judges.

RADER, Circuit Judge.

The United States District Court for the Eastern District of Michigan granted summary judgment in favor of the Regents of the University of Michigan, the Board of Trustees of Michigan State University, and Vetgen, LLC (appellees) that Genesearch, L.L.C. and Mary H. Whiteley (appellants) infringe U.S. Patent No. 6,040,143. The trial court then issued a permanent injunction on any further infringing actions. Appellants initially appealed to the United States Court of Appeals for the Sixth Circuit, which properly transferred the case to this court. *See Regents of the Univ. of Mich. v. Genesearch, LLC,* No. 02–2421 (6th Cir. May 19, 2003). Having reviewed the evidence of record and the parties' arguments, this court *affirms* the judgment of the district court.

## BACKGROUND

Scientists from Vetgen, in collaboration with the University of Michigan and Michigan State University, developed and patented testing procedures that indicate whether a dog or horse is a carrier of or infected with Type I Willebrand's Disease. The patents covering the procedures are U.S. Patent Nos. 6,040,143 and 6,074,832. On May 10, 2000, appellees filed suit against appellants alleging that their canine testing for Type I Willebrand's Disease infringes the patents. The district court held a *Markman* hearing on April 15, 2002 and issued an order construing the claims three days later.

Thereafter, appellees filed a motion for summary judgment that appellants infringe claims 15, 16, 17, and 26 of the '143 patent. On July 10, 2002, the district court granted appellees' motion and issued an order permanently enjoining appellants from practicing the accused testing procedures. The judgment of the district court was entered on July 12, 2002. Appellants timely filed a motion for reconsideration of the district court's judgment. In addition, appellants filed a notice of appeal with the

district court on November 15, 2002. On January 13, 2003, the district court denied appellant's motion for reconsideration. In this appeal, appellants primarily challenge the district court's discovery rulings.

## DISCUSSION

■ Appellees contend that this court lacks jurisdiction over this appeal because it was untimely filed. In their brief, appellees misrepresented to this court that the Sixth Circuit did not address the issue of whether appellants' notice of appeal was timely filed. To the contrary, the Sixth Circuit discussed the issue at length and advised this court that, under Sixth Circuit law, the notice of appeal in this case was timely filed. *See Regents*, No. 02–2421, slip op. at 3. Because this issue is one of procedure, not unique to patent law, the law of the Sixth Circuit applies. *See Ashland Oil, Inc. v. Delta Oil Prod. Corp.*, 806 F.2d 1031, 1033 (Fed.Cir.1986).

Under Fed. R.App. P. 4(a)(1)(A), a notice of appeal must be filed "within 30 days after the date of entry of the judgment or order appealed from." Appellants' notice of appeal was filed about four months after the order appealed from was entered by the district court. This thirty-day deadline is "mandatory and jurisdictional." *Browder v. Director, Ill. Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Tylo Sauna, S.A. v. Amerec Corp.*, 826 F.2d 7, 9 (Fed.Cir. 1987). Appellants, however, filed a timely motion for reconsideration. A motion to reconsider, when timely filed, qualifies as a motion to alter or amend the judgment filed pursuant to Rule 59, Fed.R.Civ.P., for purposes of tolling the time period for filing a notice of appeal. *See Moody v. Pepsi–Cola Met. Bottling Co.*, 915 F.2d 201, 206 (6th Cir.1990). The Sixth Circuit correctly stated that, "[u]nder Rule 4(a)(4)(B)(i), Fed. R.App. P., the notice of

appeal filed by defendant Whiteley would have become effective at the time the motion for reconsideration was denied, *i.e.*, on January 13, 2003." *Regents*, No. 02–2421, slip op. at 3. Accordingly, appellants notice of appeal was timely, and this court has jurisdiction to consider the merits of this appeal.

■ Appellants make two arguments regarding the district court's evidentiary and discovery rulings. First, appellants assert that they were prejudiced by appellees' failure to re-depose Ms. Whiteley in violation of the district court's order. This argument is misplaced. On December 3, 2001, the district court granted appellees' motion to compel Ms. Whiteley to submit for re-deposition. That order did not require appellees to re-depose her. It merely allowed the re-deposition, which appellees ultimately decided not to pursue.

■ Second, appellants argue that the district court wrongfully excluded Ms. Whiteley's proffered expert report as evidence. The district court excluded the evidence because appellants failed to timely notify appellees and the court of appellants' intention to designate Ms. Whiteley as an expert witness in violation of Fed. R.Civ.P. 26(a)(2) and the district court's scheduling order. Rule 37(c), Fed. R. Civ. P, gives the district court discretion to exclude evidence that is not submitted in accordance with Rule 26(a). A district court's evidentiary rulings are reviewed under an abuse of discretion standard. *See Combs v. Wilkinson*, 315 F.3d 548, 554 (6th Cir.2002). Here, it is clear that appellants' proffered expert report did not comply with Rule 26(a), among other deficiencies. Accordingly, the district court acted within its discretion by excluding the evidence.

■ Finally, appellants argue that the '143 patent fails to satisfy the require-

ments of 35 U.S.C. § 112. In support of this argument, appellants present evidence that was not presented to the trial court, and is apparently the result of post-judgment investigation by appellants. This court does not review evidence or arguments that were not presented to the trial court in the first instance. The scope of appellate review in this court is limited to the record established in the proceedings before the trial court. *Sage Prod., Inc. v. Devon Indus. Inc.*, 126 F.3d 1420, 1426 (Fed.Cir.1997) ("In short, this court does not 'review' that which was not presented to the district court").

## CONCLUSION

Based on the forgoing analysis, the judgment of the district court is affirmed.