Chester T. LANE, Jr., Plaintiff, Appellant,

v.

**LOCAL BOARD NO. 17, Defendant, Appellee.**

No. 7740.

United States Court of Appeals, First Circuit.

April 29, 1971.

Gordon L. Doerfer, Nutter, McClennen & Fish, Boston, Mass., for appellant.

George V. Higgins, Asst. U. S. Atty., Boston, Mass., for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

MEMORANDUM and JUDGMENT

PER CURIAM.

Subsequent to our decision in this case and before our disposition of a petition for rehearing, the Supreme Court announced its opinion in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), holding that Selective Service Regulations bar presentation to local boards of claims of conscientious objection which allegedly crystallize between the mailing of a notice of induction and the scheduled induction date. The district court, 315 F.Supp. 1355, had granted preinduction review of local board decisions not to reopen registrants' classifications after just such a claim of late crystallization. Assuming the propriety of Board consideration of such late claims, we nevertheless held that pre-induction review was not available in this case. Although we had indicated our approval of the late crystallization theory in United States v. Stoppelman, 406 F.2d 127, 131 n. 7 (1st Cir. 1969), cert. denied, 395 U.S. 981, 89 S.Ct. 2141, 23 L.Ed.2d 769 (1969), the Court has now rejected it, so far as Board action is concerned. There can be, therefore, no review, either before or after induction, of a local board decision not to reopen the classification of a registrant who asserts that his conscientious objection arose after receipt of his induction notice.

It is therefore ordered that our opinion in Lane v. Local Board No. 17, No. 7740 (1st Cir. Feb. 24, 1971) be withdrawn, the judgment of the district court reversed, and the case remanded to that court for an order dismissing the complaint for want of jurisdiction.