NATIONAL BUSINESS SYSTEMS,
INC., et al., Plaintiffs,

v.

AM INTERNATIONAL, INC.,
Defendant.

NATIONAL BUSINESS SYSTEMS,
INC., et al., Plaintiffs,

v.

AM INTERNATIONAL, INC., et
al., Defendants.

Nos. 80 C 4915, 81 C 6227.

United States District Court,
N.D. Illinois, E.D.

April 29, 1985.

Thomas E. Smith, Lee, Smith & Zickert, Chicago, Ill., Edward S. Irons, Irons & Sears, Washington, D.C., for plaintiffs.

Raymond P. Niro, William L. Niro, Kathleen A. Lyons, Niro, Scavone, Haller & Niro, Ltd., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Before the Court is the plaintiff's motion, pursuant to Fed.R.Civ.P. 60(b), for relief from this Court's September 13, 1982 judgment order. For the reasons stated herein, the plaintiff's motion is denied.

## I. FACTS

This is a patent infringement action which involves credit card imprinters. This Rule 60(b) motion involves a single patent, No. 3,272,120 ('120) entitled "Address Printing Machines with Roller Platens," issued to the defendant AM International (AM) (as assignee of the inventor, D.W. Johnson) on September 13, 1966 from an application filed October 22, 1964. After an 11-day trial to the bench, the district court issued a memorandum opinion on August 26, 1982. *National Business Systems, Inc. v. AM International, Inc.*, 546 F.Supp. 340 (N.D.Ill.1982). The Court concluded that Claim 7 of AM's '120 patent was valid and infringed by plaintiff's devices. The Court enjoined the plaintiff NBS from further manufacture and sale of the infringing imprinters and ordered an accounting as to the amount of damages suffered by AM by reason of NBS' infringement of Claim 7. Finally, the Court certified its judgment for immediate appeal pursuant to Fed.R.Civ.P. 54(b).

NBS appealed both the Court's judgment of validity and infringement and its denial of attorneys' fees and costs. In its appeal, NBS raised five grounds for reversal: (1) that AM is collaterally estopped to assert that Claim 7 is valid, having unsuccessfully contested the issue in a reissue proceeding before the Patent Office; (2) that Claim 7 is invalid for obviousness under 35 U.S.C. § 103; (3) that Claim 7 is invalid for anticipation under 35 U.S.C. § 102(a) and for being "on sale" for more than a year as prohibited by 35 U.S.C. § 102(b); (4) that the district court erred in finding that Claim 7 was infringed under the doctrine of equivalents; and (5) that the district court erred in denying NBS attorneys' fees and costs provided for under 28 U.S.C. § 1927 and 35 U.S.C. § 285. On September 20, 1984, the Seventh Circuit Court of Appeals issued an opinion affirming this Court's opinion in its entirety and remanding the case for a determination of damages. *National Business Systems, Inc. v. AM International, Inc.*, 743 F.2d 1227 (7th Cir. 1984).

NBS now brings this motion under Rule 60(b) seeking relief from this Court's September 13, 1982 judgment order. At bottom, NBS sets forth two grounds in support of its motion: (1) that defendant AM's misconduct before and misrepresentations to this Court constitute a fraud on this Court and therefore warrant vacating the prior judgment order; and (2) the change in decisional law under the decisions of the Federal Circuit, which occurred after the prior judgment order, require a finding of fraud on the Patent Office by AM and a consequent vacating of the prior judgment order.

## II. DISCUSSION

As a general rule, Rule 60(b) requires a showing of exceptional circumstances or a grievous wrong evoked by new and unforeseen conditions. *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1204–05 (7th Cir.1984). The decision to grant relief under Rule 60(b) is left to the sound discretion of the trial court, and review of a trial court's decision to grant or deny Rule 60(b) relief is subject to an abuse of discretion standard. *Inryco, Inc. v. Metropolitan Engineering Co.*, 708 F.2d 1225, 1230 (7th Cir. 1983). Relief under Rule 60(b) is limited to one of the six grounds specified in the rule. *DeFilippis v. United States*, 567 F.2d 341, 343 (7th Cir.1977).

In the present case, it is unclear and plaintiff has not specified which one of the six grounds it wishes to invoke under Rule 60(b). There are three possible grounds for relief under plaintiff's arguments: (1) Rule 60(b)(3) which covers fraud, misrepresentation, or other misconduct of an adverse party; (2) Rule 60(b)(5) which covers relief from a final judgment when "a prior judgment upon which it was based has been reversed or otherwise vacated...''; and (3) Rule 60(b)(6) which covers any other reason justifying relief from the judgment.

### A. Rule 60(b)(3)

Plaintiff's allegations of fraud and misconduct by AM involve "among other things, the proposing of false findings of

fact by which the Court was misled." Plaintiff cites defendant's proposed findings of fact number 92 and number 38S as evidence of AM's misrepresentations to the Court. These allegations of AM's misrepresentations are clearly an attempt for relief under Rule 60(b)(3).

Rule 60(b) provides in pertinent part: "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." The court may not extend the time limits prescribed in Rule 60(b). Fed.R.Civ.P. 6(b); *U.S. ex rel. Bonner v. Warden, Stateville Corr.*, 78 F.R.D. 344, 346 (N.D.Ill.1978). The time limitation set by Rule 60(b)(3), founded on the judicial interest in speedy disposition and finality, is mandatory and bars consideration of any 60(b)(3) motion filed more than one year after the Court's judgment. *Id.* In the present case, since plaintiff filed his Rule 60(b)(3) motion on February 13, 1985, and the judgment he seeks to set aside was entered on September 13, 1982, plaintiff's motion under Rule 60(b)(3) is untimely under the one-year time limitation.

### B. *Rules 60(b)(5) and 60(b)(6)*

■ Plaintiff argues that Federal Circuit opinions issued subsequent to this Court's prior judgment order make that order clearly erroneous and mandate vacating it in order to avoid a clear injustice. According to the plaintiff, these decisions change the law regarding the defense of fraud on the Patent Office. Plaintiff asserted this defense in order to avoid defendant's charges of infringement. The plaintiff now argues that the Court was incorrect when it rejected plaintiff's assertion that defendant had committed fraud on the Patent Office, in light of the subsequent Federal Circuit decisions. Therefore, plaintiff essentially argues that a post-judgment change in decisional law mandates vacating the judgment order under either Rule 60(b)(5) or 60(b)(6).

The second clause of subsection (b)(5) of Rule 60 contains language which initially seems to support the plaintiff's claim for relief because of a change in the law. That clause provides for relief from a final judgment when "a prior judgment upon which it was based has been reversed or otherwise vacated...." However, *DeFilippis v. United States*, 567 F.2d 341 (7th Cir.1977) disposes of plaintiff's claim for relief here. In *DeFilippis*, the U.S. Marine Corps was permanently enjoined from enforcing its policy prohibiting reservists from wearing short hair wigs to cover long hair while attending summer training camp. After the injunction was issued, the U.S. Supreme Court decided *Kelley v. Johnson*, 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976), which upheld the validity of police department hair grooming standards similar to those of the Marine Corps. As part of its decision, the court held that the burden was not on the government to justify the regulation, but rather that the burden was on the plaintiffs to demonstrate the absence of a rational connection between the regulation and its purported purpose.

Six months after *Kelley* was decided, the Marine Corps moved pursuant to Rule 60(b)(5) and (b)(6) to vacate the district court's earlier order, stating that "because of the recent Supreme Court ruling in the case of *Kelley v. Johnson*, ... it would be inequitable to continue to enforce the permanent injunction...." *DeFilippis v. U.S., supra*, 567 F.2d at 342. The government argued that *Kelley* had changed the law concerning the burden of proof. *Id.* The government, however, neither filed affidavits nor offered testimony showing how continued enforcement of the injunction was inequitable. *Id.*

In denying the motion under Rule 60(b)(5), the Seventh Circuit Court of Appeals rejected the government's argument that *Kelley* represented a post-judgment change in decisional law sufficient to vacate the prior judgment order. *Id.* at 343–44. The Seventh Circuit reasoned that Rule 60(b)(5) "does not help the Government here because *Kelley v. Johnson* cannot be considered a 'prior judgment' and therefore it cannot be said that the order granting the injunction in the instant case

'was based' on *Kelley*." *Id.* at 343 n. 4. The Seventh Circuit went further to define "prior judgment":

> For a decision to be "based on" a prior judgment within the meaning of Rule 60(b)(5), the prior judgment must be a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense. . . . It is not sufficient that the prior judgment provides only precedent for the decision. . . . [A] change in applicable law does not provide sufficient basis for relief under [Rule] 60(b)(5). *Lubben v. Selective Service System*, 453 F.2d 645, 650 (1st Cir. 1972).

*Id.*

This Court interprets *DeFilippis* as a very narrow reading of Rule 60(b)(5). In light of the Seventh Circuit's reasoning above in *DeFilippis*, it appears that Rule 60(b)(5) relief is appropriate only when the prior judgment is seeking to be enforced or it provides the basis for *res judicata* or collateral estoppel on the cause of action or a defense. Neither situations involving a prior judgment are present in this case.

In the present case, there is no prior judgment which has been explicitly reversed or vacated. Plaintiff might argue that there is an implied reversal of the old standard for fraud on the Patent Office. However, the standard for fraud on the Patent Office is at best precedent for the Court's decision and does not rise to the level of a "prior judgment" as defined in *DeFilippis*. Therefore, the Court rejects NBS' argument under Rule 60(b)(5) that relief is appropriate on the basis of a change in post-judgment decisional law in the standard for fraud on the Patent Office.

For the same reasons, the Court rejects NBS' claim for relief under Rule 60(b)(6). Courts are generally agreed that a change in the law after entry of judgment does not alone justify relief under (b)(6). *Id.* at 343 n. 5. Therefore, plaintiff's Rule 60(b)(6) motion is also denied.

### III. CONCLUSION

For the reasons stated above, plaintiff's motion for relief under Rule 60(b) is denied.

IT IS SO ORDERED.