Donald L. SCHWOCHERT, Jr., Shane Schwochert, J., by his guardian Donald L. Schwochert, Jr., Donel Schwochert, by her guardian Donald L. Schwochert, Jr., Plaintiffs-Appellants,†

v.

AMERICAN FAMILY MUTUAL INS. CO., Jeffrey J. Lauth, John E. Lauth, Annetta N. Lauth, Columbia County, a Wis. municipal corp., Wisconsin Bd. of Regents of the University of Wisconsin Systems, d/b/a WI Hospital & Clinics, Defendants-Respondents.

Court of Appeals

*No. 90-2737. Submitted on briefs June 6, 1991.—Decided December 5, 1991.*

(Also reported in 479 N.W.2d 190.)

†Petition to review granted.

For the plaintiffs-appellants the cause was submitted on the briefs of *Douglas W. Kammer* of *Kammer & Lawton, S.C.* of Portage.

For the defendants-respondents the cause was submitted on the briefs of *Clyde C. Cross* of *Cross, Jenks, Mercer & Maffei* of Baraboo.

Before Eich, C.J., Dykman and Sundby, JJ.

SUNDBY, J. The plaintiffs ("Schwocherts") appeal from an order denying their motion under sec. 806.07, Stats., for relief from the judgment entered pursuant to the mandate of the supreme court in *Schwochert v. American Family Mut. Ins. Co.,* 139 Wis. 2d 335, 407 N.W.2d 525 (1987) *("Schwochert I").* They claim that the supreme court has overruled *Schwochert I* and that they are entitled to the relief obtained by the plaintiff in *Mullen v. Coolong,* 153 Wis. 2d 401, 451 N.W.2d 412 (1990) *("Mullen II").* We conclude that the Schwocherts have not shown that the unique circumstances of *Mullen II* are present in this case. We further conclude that the Schwocherts have not shown other unique facts entitling them to relief under sec. 806.07. Therefore, the trial court did not abuse its discretion in denying the Schwocherts' motion. We affirm.

*Schwochert I* was a wrongful death action arising out of an automobile accident. Defendant's insurance coverage was insufficient to cover the damages incurred by the Schwocherts. The court held that the Schwocherts' underinsured motorist coverage did not apply to the vehicle involved in the accident, where the endorsement for underinsured motorist coverage was written on another owned vehicle and excluded coverage for damages incurred while in other vehicles of the same household. The Schwocherts argue that *Schwochert I* was overruled by *Wood v. American Family Mut. Ins. Co.,* 148 Wis. 2d 639, 436 N.W.2d 594 (1989) and *Agnew v. American Family Mut. Ins. Co.,* 150 Wis. 2d 341, 441 N.W.2d 222 (1989). They claim that *Wood* and *Agnew* were "somewhere in the system" when *Schwochert I* was decided. Therefore, they argue, their situation is identical to that involved in *Mullen II.*

In *Mullen II,* the supreme court held that the trial court acted within its discretion when it granted Mul-

99

len's motion under sec. 806.07, Stats., for relief from a judgment dismissing her action against her uninsured motorist carrier. In *Mullen v. Coolong,* 132 Wis. 2d 440, 393 N.W.2d 110 (Ct. App. 1986) (*"Mullen I"*), we concluded that the carrier's reducing clause was enforceable against Mullen. On December 2, 1986, the supreme court denied Mullen's petition for review. However, on March 10, 1986, the court had accepted certification of a case which presented the identical question of law raised by Mullen in her petition. *Nicholson v. Home Ins. Cos.,* 137 Wis. 2d 581, 405 N.W.2d 327 (1987). *Nicholson* overruled *Mullen I.* In *Mullen II,* the supreme court said that "[u]nder these unique facts," the trial court did not abuse its discretion in granting Mullen relief from the judgment entered on the court of appeals' mandate. 153 Wis. 2d at 408, 451 N.W.2d at 415.

We need not decide whether *Schwochert I* has been overruled because we conclude that the "determinative fact" present in *Mullen II* is not present here. In *Mullen II,* the supreme court stated:

> The determinative fact in this case is that we denied a petition for review in *Mullen I* [132 Wis. 2d 440, 393 N.W.2d 110 (Ct. App. 1986)] at the very same time when the same issue was before us in *Nicholson [v. Home Ins. Cos.,* 137 Wis. 2d 581, 405 N.W.2d 327 (1987)].

153 Wis. 2d at 408, 451 N.W.2d at 414.
The court further said:

> We denied Mullen's petition for review at the same time *Nicholson* was pending before us. Both challenged the same uninsured motorist reducing clause under the same statute, and both presented the same arguments against it. Good cause was therefore shown for relief under sec. 806.07(1)(h), Stats., and

the record supports the trial court's determination that such action was necessary to accomplish substantial justice.

*Id.,* 451 N.W.2d at 415.

■
The petition to bypass the court of appeals in *Schwochert I* was accepted by the supreme court on March 5, 1987. The appeal was decided June 18, 1987. *Wood* was also submitted to the supreme court on a bypass petition granted February 16, 1988. *Wood* was decided March 9, 1989. The supreme court took jurisdiction of the appeal in *Agnew* upon certification by the court of appeals, granted May 3, 1988. The appeal was decided June 21, 1989. Thus, *Schwochert I* was not pending when *Wood* and *Agnew* were pending before the court. Further, the issues in *Schwochert I, Wood* and *Agnew* were not the same. *Schwochert I* decided that the Schwocherts' underinsured motorist coverage on a vehicle not involved in the accident did not apply where the endorsement specifically excluded coverage for damages incurred while in other vehicles of the same household. *Wood* distinguished *Schwochert* on the grounds that the drive-other-car exclusion in *Wood* functioned to reduce Wood's underinsured motorist coverage to that afforded by another policy. 148 Wis. 2d at 649, 436 N.W.2d at 598. *Agnew* determined the applicability of sec. 631.43(1), Stats., to the liability provisions of three automobile insurance policies. The court said that the appeal presented a question of first impression. 150 Wis. 2d at 346, 441 N.W.2d at 225. The court noted that in *Schwochert I,* the court had expressly stated that the case did not involve stacking. *Id.* at 346 n.3, 441 N.W.2d at 225 n.3. Thus, the Schwocherts fail to meet the second *Mullen II* hurdle: the issues in the later-decided

101

cases are not the same as the issues in the case from which the Schwocherts seek relief.

We next consider whether this case presents other "unique facts" which would have permitted the trial court to exercise its discretion under sec. 806.07, Stats., to grant the Schwocherts relief from the judgment in *Schwochert I.* The trial court reached its decision solely on consideration of the same-time and same-issue requirements of *Mullen II.* If other "unique facts" entitled the Schwocherts to relief from the judgment in *Schwochert I,* the trial court abused its discretion when it refused to grant the Schwocherts' motion. We conclude, however, that there are no other "unique facts" which entitle the Schwocherts to relief.

██

Section 806.07(1), Stats., seeks to achieve a balance between the competing values of finality and fairness in the resolution of disputes. *Mullen II,* 153 Wis. 2d at 407, 451 N.W.2d at 414. Subsection (1)(h) gives the trial court broad discretionary authority and invokes the pure equity power of the court. *Id.* Even if we concede the Schwocherts' argument that the supreme court has overruled *Schwochert I,* they have failed to show that the result reached in this case is inequitable to them. The Schwocherts are no worse off than any other litigant who fails to benefit from a change in the statutory law or in the judicial view of the law after a final judgment has been entered.

"[C]ourts are generally agreed that a change in the law after entry of judgment does not alone justify relief under [Rule 60](b)(6)."[1] *De Filippis v. United States,* 567 F.2d 341, 343 n.5 (7th Cir. 1977) (citations omitted).

---

[1]Section 806.07 is based on Fed. R. Civ. P. 60(b)(6). *Mullen II,* 153 Wis. 2d at 407, 451 N.W.2d at 414.

An adjudication must at some time become final. We recognized this principle in the *Collins* litigation. There, the plaintiffs attacked the constitutionality of a Kansas statute and lost. *Collins v. City of Wichita, Kansas,* 10 Cir., 225 F.2d 132, *cert. denied,* 350 U.S. 886 . . .. A year later in an unrelated case the Supreme Court held the Kansas statute unconstitutional. Plaintiffs then sought Rule 60(b)(6) relief which we denied, *Collins v. City of Wichita, Kansas,* 10 Cir., 254 F.2d 837, 839, saying, (1) "in extraordinary situations, relief from final judgments may be had under Rule 60(b)(6), when such action is appropriate to accomplish justice," and (2) "[a] change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance which justifies such relief."

*Pierce v. Cook & Co.,* 518 F.2d 720, 722-23 (10th Cir. 1975), *cert. denied,* 423 U.S. 1079 (1976).

We conclude that *Pierce* correctly states the law. Federal case law interpreting a federal rule essentially similar to a state rule is persuasive authority in construing the state rule. *Carlson Heating, Inc. v. Onchuck,* 104 Wis. 2d 175, 179 n.2, 311 N.W.2d 673, 675-76 n.2 (Ct. App. 1981). The Schwocherts have not shown any "unique facts" which would make inapplicable the general rule that a change in the judicial view of an established rule of law is not an extraordinary circumstance which justifies relief from a final judgment under sec. 806.07(1)(h), Stats.

We deny American Family's motion for costs, fees and reasonable attorney's fees under Rule 809.25(3),

Stats. We conclude that the Schwocherts' argument is based on a reasonable extension of *Mullen II.*

 *By the Court.*—Order affirmed.