Donald L. SCHWOCHERT, Jr., Shane Schwochert, Jr., by his Guardian Donald L. Schwochert, Jr., Donel Schwochert, by her Guardian Donald L. Schwochert, Jr., Plaintiffs-Appellants-Petitioners,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Jeffrey J. Lauth, John E. Lauth, Annetta N. Lauth, Columbia County, a Wisconsin Municipal Corporation, Wisconsin Board of Regents of the University of Wisconsin Systems, d/b/a Wisconsin Hospital & Clinics, Defendants-Respondents.

Supreme Court

*No. 90–2737. Submitted on briefs November 4, 1992.—Decided January 12, 1993.*

(Also reported in 494 N.W.2d 201.)

For the plaintiffs-appellants-petitioners there were briefs by *Douglas W. Kammer* and *Kammer & Lawton, S.C.*, Portage.

For the defendants-respondents there was a brief by *Clyde C. Cross* and *Cross, Jenks, Mercer and Maffei*, Baraboo.

DAY, J. This is a review of a published opinion of the court of appeals[1] which affirmed an order of the circuit court for Columbia County, Honorable Lewis Charles, Judge, denying the Schwocherts' motion under sec. 806.07, Stats. 1989-90[2] to vacate a judgment entered by the circuit court pursuant to this court's mandate in *Schwochert v. American Family Ins.*, 139 Wis. 2d 335, 407 N.W.2d 525 (1987) *(Schwochert I)*.

"On appeal from an order denying a motion for relief from a judgment, the circuit court's decision will not be reversed unless there has been a clear abuse of discretion." *Shuput v. Lauer,* 109 Wis. 2d 164, 177, 325 N.W.2d 321 (1982). "This court is required to uphold a discretionary decision of the trial court if we can conclude *ab initio* that proper factors support the trial court's decision." *Mullen v. Coolong,* 153 Wis. 2d 401, 406, 451 N.W.2d 412 (1989) *(Mullen II).* We conclude that the circuit court did not erroneously exercise its

---

[1] 166 Wis. 2d 97, 479 N.W.2d 190 (Ct. App. 1991).

[2] **806.07 Relief from judgment or order. (1)** On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons: . . . (h) Any other reasons justifying relief from the operation of the judgment.

discretion[3] when it denied the Schwocherts' motion and therefore affirm the court of appeals.

The facts are not in dispute. This case arose when an underinsured motorist collided with the Schwocherts' Chevrolet Monte Carlo (hereinafter referred to as "the accident vehicle"). At the time of the accident, the Schwocherts also owned a Chevrolet pickup truck (hereinafter referred to as "the non-accident vehicle"). Each vehicle was insured under a separate policy. While the policy covering the non-accident vehicle provided underinsured motorist insurance, the policy covering the accident vehicle provided uninsured motorist insurance only and did not provide underinsured motorist insurance.

The Schwocherts filed suit and attempted to "stack"[4] the underinsured motorist coverage set forth in the policy insuring the non-accident vehicle on top of the policy insuring the accident vehicle, which provided uninsured motorist coverage only. This court ruled against the Schwocherts and held that there can be no stacking of underinsured motorist coverage where only one vehicle is insured for underinsured motorist coverage because the insured does not have two or more policies which promise to indemnify against the same loss. *Schwochert I*, 139 Wis. 2d at 351. This court also stated, in dictum, that the ability to stack insurance coverage depends on whether or not the insurance coverage is statutorily required. *Id.* at 346–348. Pursuant to this court's mandate, the circuit court entered an amended judgment in favor of the defendant.

---

[3] *See City of Brookfield v. Milwaukee Metropolitan Sewage District,* 171 Wis. 2d 400, 424, 491 N.W.2d 484, 493. *Hefty v. Hefty,* 172 Wis. 2d 124, 128, n.1, 493 N.W.2d 33, 34, n.1.

[4] For a definition of stacking, *See West Bend Mut. Ins. Co. v. Playman,* 171 Wis. 2d 37, 39–40, n.1, 489 N.W.2d 915, n.1.

This court subsequently accepted the appeal in *Wood v. American Fam. Mut. Ins.,* 148 Wis. 2d 639, 436 N.W.2d 594 (1989) and the bypass petition in *Agnew v. American Fam. Mut. Ins. Co.,* 150 Wis. 2d 341, 441 N.W.2d 222 (1989). In *Wood,* this court held that "the ability to stack insurance coverage does not depend on whether or not the insurance coverage is statutorily mandated." *Wood,* 148 Wis. 2d at 649. In *Agnew,* this court ruled that stacking is not appropriate unless there are two or more policies which insure against the same loss. *Agnew,* 150 Wis. 2d at 349–351.

After *Wood* and *Agnew,* this court decided *Mullen II.* In *Mullen II,* Ms. Shirley Mullen sued her insurance company after an uninsured motorist collided with her. After the circuit court granted Mullen's motion for summary judgment, the court of appeals reversed the circuit court on the grounds that a reducing clause in Mullen's policy shielded the insurer from liability. On December 2, 1986, this court denied Mullen's petition for review.

This court, however, had already accepted, on March 10, 1986, certification in the case of *Nicholson v. Home Ins. Cos.,* 137 Wis. 2d 581, 405 N.W.2d 327 (1987). Both Mullen and Nicholson presented identical arguments against identical uninsured motorist reducing clauses. Furthermore, in *Nicholson,* this court overruled the court of appeal's decision in *Mullen.* Mullen subsequently brought a motion for relief pursuant to sec. 806.07, Stats. and the circuit court granted the motion. The court of appeals then reversed the circuit court. This court reversed the court of appeals. After noting that "we denied a petition for review in *Mullen I* at the very same time when the same issue was before us in *Nicholson,*" this court concluded that "the trial court acted within its discretion under the unique circum-

632

stance of this case. . . ." *Mullen II,* 153 Wis. 2d at 408, 411.

The Schwocherts, claiming that *Wood* and *Agnew* overruled *Schwochert I* in the same manner *Nicholson* overruled the court of appeals' decision in *Mullen I,* moved the circuit court to vacate the judgment entered pursuant to this court's mandate in *Schwochert I.* The circuit court first recognized that it had the authority to reconsider an appellate order pursuant to this court's decision in *Mullen II.* The circuit court, however, read *Mullen II* as establishing a two-part test under which a plaintiff must show that this court denied review of an issue at the same time an identical issue was before this court in another case. Applying *Mullen II,* the circuit court denied the Schwochert's motion on the grounds that neither the "same issue" nor the "same time" requirement was met.

While the court of appeals agreed with the circuit court's conclusion that the present case is distinguishable from *Mullen II,* the court of appeals pointed out that the circuit court's decision was based solely on *Mullen II* and was thus an abuse of discretion if other unique facts entitled the Schwocherts to relief. The court of appeals, however, found no such facts and therefore affirmed the circuit court. This court then accepted the Schwocherts' petition for review.

Considering that the circuit court relied exclusively on *Mullen II,* we agree with the court of appeals' conclusion that the circuit court abused (erroneously exercised) its discretion if any other facts entitled the Schwocherts to relief. In *Mullen II,* this court pointed out that sec. 806.07(1)(h), Stats., which allows relief when the court finds any reason justifying relief, grants a circuit court "broad discretionary authority and invokes the pure

equity power of the court." *Mullin II,* 153 Wis. 2d at 407. This court went on to conclude that, under the unique circumstances presented in that case, the circuit court did not abuse its discretion. *Id.* at 411. Although this court stated that "the determinative fact in this case is that we denied a petition for review in *Mullen I,* at the very same time when the same issue was before us in *Nicholson,*" this court **did not** promulgate a two-part test under which a plaintiff must show that this court denied review of an issue at the same time an identical issue was before this court in another case. *Id.* at 408. *Mullen II* merely set forth one example of an appropriate exercise of discretion and did not, in any way, limit the circuit court's authority to grant relief pursuant to sec. 806.07, Stats.

This court, therefore, in determining whether the circuit court erroneously exercised its discretion, looks for any facts which entitle the Schwocherts to relief. Since we do not find any such facts, we conclude that the circuit court did not erroneously exercise its discretion when it denied the Schwocherts' motion to vacate the judgment pursuant to sec. 806.07, Stats.

The Schwocherts' base their claim for relief on the contention that this court would have decided *Schwochert I* differently if this court had decided *Schwochert I* after deciding *Wood* and *Agnew.* Thus, the contention that *Wood* and *Agnew* overruled *Schwochert I* is an essential component of the Schwocherts argument. The Schwocherts concede that "the *sine qua non* of [our] attempt to resurrect [our] original judgment is the demise of *Schwochert I.*"

We, however, disagree with the Schwocherts' contention that *Schwochert I* is no longer the law in Wisconsin. This court, in *Schwochert I,* ruled that the

Schwocherts could not stack the underinsured motorist coverage set forth in the policy covering the non-accident vehicle on top of the policy covering the accident vehicle which provided uninsured motorist coverage only. *Schwochert I,* 139 Wis. 2d at 351. In reaching this conclusion, this court held that there can be no stacking of underinsured motorist coverage where only one vehicle is insured for underinsured motorist coverage because the insured does not have two or more policies which promise to indemnify against the same loss. *Id.* This court also stated, in dictum, that the ability to stack insurance coverage depends on whether or not the insurance coverage is statutorily mandated. *Id.* at 346–48.

This court's decision in *Wood* did not overrule *Schwochert I.* In *Wood,* a plaintiff attempted to stack the underinsured motorist coverage of his non-accident vehicle onto the underinsured motorist coverage of the accident vehicle. This court, in *Wood,* pointed out that the Schwocherts had underinsured motorist coverage on the non-accident vehicle only and stated that "this case is different and distinguishable from the situation in *Schwochert." Wood,* 148 Wis. 2d at 649. After distinguishing *Schwochert I,* this court went on to state that "the limitation of the *Welch* holding, imposed in **dictum** in *Schwochert,* is simply unfounded and is hereby withdrawn. The ability to stack insurance coverage does not depend on whether or not the insurance coverage is statutorily mandated." *Id.* (emphasis added). Although this court withdrew the dictum set forth in *Schwochert I,* this court did not disturb the holding that there can be no stacking of underinsured motorist coverage when only one vehicle is insured for underinsured motorist coverage.

Likewise, this court's decision in *Agnew* did not overturn *Schwochert I*. In *Agnew*, this court expressly stated that "[t]his case presents a question of law of first impression." *Agnew*, 150 Wis. 2d at 346.

*Wood* and *Agnew* demonstrate that *Schwochert I* is still the law in Wisconsin. Neither *Wood* nor *Agnew* expressly or impliedly overturned *Schwochert I*. Furthermore, in both cases, this court specifically distinguished the issue presented from the issue decided in *Schwochert I.*

The Schwocherts argue that this court, applying the *Wood* and *Agnew* decisions, would today stack the underinsured motorist coverage from their non-accident vehicle onto the *defendant's* liability policy. In *Schwochert I,* however, this court never considered the issue of whether the plaintiffs could stack the underinsured motorist coverage from their non-accident vehicle onto the defendant's liability coverage. The only stacking issue that this court addressed in *Schwochert I* was whether the Schwocherts could stack the underinsured motorist coverage from their non-accident vehicle onto the uninsured motorist coverage from their accident vehicle. Neither *Wood* nor *Agnew* has overturned the holding in *Schwochert I.*

Finally, the Schwocherts reliance on *Harmann v. Hadley,* 128 Wis. 2d 371, 382 N.W.2d 673 (1986), and *Bell v. County of Milwaukee,* 134 Wis. 2d 25, 396 N.W.2d 328 (1986) is misplaced. Neither case involved the application of sec. 806.07, Stats. and neither case involved "stacking."

In conclusion, the Schwocherts' claim is dependent upon a ruling that *Wood* and *Agnew* overruled *Schwochert I.* Since we rule that *Schwochert I* is still the law in Wisconsin, we find no basis for the Schwocherts'

claim. We conclude that the circuit court did not erroneously exercise its discretion when it denied the Schwocherts' motion to vacate the judgment pursuant to sec. 806.07, Stats. and therefore affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.