Jay R. SCHAUER and Kathleen T. Schauer, Plaintiffs-Respondents,

v.

DENEVEU HOMEOWNERS ASSOCIATION, INC., Defendant-Appellant,†
Harold SABEL, J. Michael Doyle, Mary Doyle, Douglas Ondrasek, Barbara Ondrasek, William Leake, Virginia Leake, Hutter Investment Company, John Huempfner, Ramona Huempfner and Lake DeNeveu Preserve, Inc., Defendants-Respondents,

Brian DENZIN, Mary Denzin, Robert Langjahr, Karen Langjahr, James Tursky, Michael Feucht, Joan Feucht, Jeff Wright, Mary Wright, Francis Sheridan, Carl Saggio, Nancy Saggio and Scott Snyder, Defendants.

Court of Appeals

No. 93–2459. Submitted on briefs June 24, 1994.—Decided August 10, 1994.

(Also reported in 522 N.W.2d 246.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Linda S. Balisle* of *Balisle & Roberson, S.C.* of Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Chris J. Trebatoski* of *Michael, Best & Friedrich* of Milwaukee.

On behalf of the defendant-respondent Lake Deneveu Preserve, Inc., the cause was submitted on the brief of *William P. O'Connor* of *Wheeler, Van Sickle & Anderson, S.C.* of Madison.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

SNYDER, J.   The DeNeveu Homeowners Association, Inc. (the Homeowners Association) appeals from a trial court order dismissing its motion to modify a final order and from a trial court order denying its motion to reconsider that dismissal.

This litigation began in January 1989 as a declaratory judgment action brought by Jay and Kathleen Schauer to determine the scope of an easement granted to the Homeowners Association in 1981 by the developer of the lots owned by association members. The easement is located immediately to the southwest of the Schauers' lot line and permitted the construction and maintenance of private walkways, piers and related accessories. The trial court, relying on *de Nava v. DNR*, 140 Wis. 2d 213, 221, 409 N.W.2d 151, 155 (Ct. App. 1987), concluded in November 1989 that the easement was void because it purported to grant riparian rights, such as the right to construct and maintain piers, to persons who did not own riparian property.[1]

---

[1] Under the law in effect at the time *de Nava* was decided, nonriparian owners could not place and maintain structures on

34

After this ruling, the Homeowners Association moved the trial court to reconsider its conclusion in light of a change in the law which permitted nonriparian owners to maintain piers if they had done so previously in reliance upon an easement. The court agreed to amend its ruling to reflect the provisions of recently enacted § 30.131, STATS., and this change was incorporated into a May 1, 1991 final judgment, from which the Schauers appealed and the Homeowners Association cross-appealed.

While appellate proceedings were pending, the parties reached a settlement regarding the scope of the Homeowners Association's easement and incorporated the settlement in a January 23, 1992 stipulated final order. In addition to settling the parties' dispute regarding placement and use of a pier by the Homeowners Association, the order stated that "[n]o party to this action or their successors and assigns may assert a legal position in any future action that is contrary to the terms of this order or which would limit the rights granted to the parties herein."

On January 19, 1993, our supreme court decided *Stoesser v. Shore Drive Partnership,* 172 Wis. 2d 660, 494 N.W.2d 204 (1993), which the Homeowners Association contends overruled *de Nava* insofar as *de Nava* precluded the conveyance of riparian rights by easement to nonriparian owners.[2] On March 29, 1993, the Homeowners Association moved the trial court under

navigable lakes. *de Nava v. DNR,* 140 Wis. 2d 213, 216, 409 N.W.2d 151, 153 (Ct. App. 1987).

[2] Resolution of this appeal does not require us to decide whether the Homeowners Association is correct in its assertion that *Stoesser v. Shore Drive Partnership,* 172 Wis. 2d 660, 494 N.W.2d 204 (1993), overruled *de Nava* in any respect.

§ 806.07(1)(f), STATS.,[3] for relief from the January 23, 1992 stipulated final order on the grounds that the negotiations which led to the order were premised upon *de Nava*, which was overruled by *Stoesser*.

The trial court, without expressly considering the merits of the Homeowners Association's motion, denied relief from the final order on the grounds that modification of the order would require the commencement of a new action. The Homeowners Association sought reconsideration, arguing that a new action would be barred by res judicata. The trial court denied the reconsideration motion because the Homeowners Association's request for relief from the final order was not filed within one year of entry of the order. The Homeowners Association appeals.

We will comment upon the trial court's reason for denying the Homeowners Association relief from the final order. We agree with the Homeowners Association that a new action would be barred on grounds of res judicata, which precludes relitigation of all matters which were or might have been litigated in former proceedings involving the same parties. *See DePratt v. West Bend Mut. Ins. Co.*, 113 Wis. 2d 306, 310, 334 N.W.2d 883, 885 (1983). Consequently, the Homeowners Association's only avenue was to seek relief from the final order under § 806.07, STATS. Even though the trial court's reason for denying relief from the stipulated order was flawed, we will not reverse its refusal to grant relief from the final order. *See Mueller v. Mizia,* 33 Wis. 2d 311, 318, 147 N.W.2d 269, 273 (1967)

[3] Under § 806.07(1)(f), STATS., a trial court may grant relief from a final order when "[a] prior judgment upon which the judgment is based has been reversed or otherwise vacated."

(we may affirm if the trial court reached the right result for the wrong reason).

We conclude that the Homeowners Association's has not stated grounds for relief from the final order.[4] The Homeowners Association's request for relief from the January 23 final order is essentially a request for relief from the parties' stipulation. Relief from a stipulation may be granted only if the moving party shows that the stipulation was the result of fraud, mistake or misrepresentation. *Burmeister v. Vondrachek,* 86 Wis. 2d 650, 664, 273 N.W.2d 242, 248-49 (1979). Relief from a settlement is not warranted merely because a settlement appears in hindsight to have been a bad bargain. *See Pasternak v. Pasternak,* 14 Wis. 2d 38, 46, 109 N.W.2d 511, 515 (1961). The Homeowners Association does not allege that the stipulation was the product of fraud, mistake or misrepresentation, or that it did not understand its terms. Rather, the Homeowners Association alleges that the legal climate in which the stipulation was entered has changed.

While it may be true that the parties relied upon the law as expressed in *de Nava* in negotiating a settlement and that the law may have changed in *Stoesser,* this occurrence is not a proper basis for vitiating the settlement. The parties agreed to settle their dispute even though the Schauers' appeal and the Homeowners Association's cross-appeal were pending. Settlements result from a willingness to compromise a dispute, and we cannot sanction relief from them merely because the legal climate subsequently changed. Such would do violence to the concept of final-

[4] We assume, without deciding, that the Homeowners Association's § 806.07, STATS., motion was timely.

37

ity in litigation, particularly, where as here, the parties clearly agreed that "[n]o party to this action or their successors and assigns may assert a legal position in any future action that is contrary to the terms of this order or which would limit the rights granted to the parties herein." The parties contemplated finality in January 1992 and we will not disturb their expectations by granting the Homeowners Association relief from the January 23, 1992 stipulated final order.

*By the Court.*—Orders affirmed.