Jay R. SCHAUER and Kathleen T. Schauer, Plaintiffs-Respondents,

v.

DENEVEU HOMEOWNER'S ASSOCIATION, INC., Defendant-Appellant-Petitioner,

Harold SABEL, J. Michael Doyle, Mary Doyle, Douglas Ondrasek, Barbara Ondrasek, William Leake, Virginia Leake, Hutter Investment Company, John Huempfner, Ramona Huempfner and Lake Deneveu Preserve, Inc., Defendants-Respondents,

Brian DENZIN, Mary Denzin, Robert Langjahr, Karen Langjahr, James Tursky, Michael Feucht, Joan Feucht, Jeff Wright, Mary Wright, Francis Sheridan, Carl Saggio, Nancy Saggio and Scott Snyder, Defendants.

Supreme Court

*No. 93–2459. Oral argument May 24, 1995.—Decided June 20, 1995.*

(Also reported in 533 N.W.2d 470.)

For the defendant-appellant-petitioner there were briefs by *Linda S. Balisle* and *Balisle & Roberson, S.C.,* Madison and oral argument by *Linda S. Balisle.*

For the plaintiffs-respondents there was a brief by *Chris J. Trebatoski, David A. Krutzi* and *Michael, Best & Friedrich,* Milwaukee and oral argument by *Chris J. Trebatoski.*

For the defendant-respondent, Lake Deneveu Preserve, Inc., there was a brief by *William P. O'Connor* and *Wheeler, Van Sickle & Anderson, S.C.,* Madison and oral argument by *William P. O'Connor.*

STEINMETZ, J. The sole issue for review is whether sec. 806.07(1)(f), Stats.,[1] authorizes relief

---

[1] Section 806.07, Stats., provides:

  **(1)**  On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

  (a)  Mistake, inadvertence, surprise, or excusable neglect;

  (b)  Newly-discovered evidence which entitles a party to a new trial under s. 805.15(3);

  (c)  Fraud, misrepresentation, or other misconduct of an adverse party;

  (d)  The judgment is void;

  (e)  The judgment has been satisfied, released or discharged;

  (f)  *A prior judgment upon which the judgment is based has been reversed or otherwise vacated;*

from a judgment on the ground that the case law relied on and applied by the circuit court in making its adjudication has been subsequently overruled in an unrelated proceeding. Without deciding whether any case law relating to this case has in fact been overruled, we hold that sec. 806.07(1)(f) does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled in an unrelated proceeding. A party is entitled to relief under sec. 806.07(1)(f) only when a prior judgment has actually served as the basis for a subsequent judgment, order, or stipulation, and the prior judgment has been reversed or otherwise vacated.

This appeal stems from a declaratory judgment action brought by Jay and Kathleen Schauer to determine the scope of an easement that runs along the southwest border of their riparian[2] land and along the

---

(g)   It is no longer equitable that the judgment should have prospective application; or

(h)   Any other reasons justifying relief from the operation of the judgment.

(2)   The motion shall be made within a reasonable time, and, if based on sub. (1)(a) or (c), not more than one year after the judgment was entered or the order or stipulation was made. A motion based on sub. (1)(b) shall be made within the time provided in s. 805.16. A motion under this section does not affect the finality of a judgment or suspend its operation. This section does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud on the court. (Emphasis added.)

[2] "Riparian land" refers to land that abuts either a river or a lake and entitles the owner to benefits incident to the use of the water. *Stoesser v. Shore Drive Partnership,* 172 Wis. 2d 660, 666 n.1, 494 N.W.2d 204 (1993) (citing *Mayer v. Grueber,* 29 Wis. 2d 168, 174, 138 N.W.2d 197 (1965)); *see also* BLACK'S LAW DICTIONARY 1327 (6th ed. 1990) (citing *Mayer,* 29 Wis. 2d at 174).

northeast border of riparian land owned by the Lake DeNeveu Preserve, Inc. (the Preserve). The DeNeveu Homeowners' Association, Inc. (the Association) acquired the easement in 1991, and members of the Association use the easement to access Lake DeNeveu. In addition, pursuant to the written easement,[3] members of the Association erected a pier in Lake DeNeveu, docked boats there, and stored personal possessions there, such as life-jackets, chairs, and grills.

The Schauers objected to the Association's use of the easement in this manner. Shortly after filing a declaratory judgment action, the Schauers moved for summary judgment. Relying heavily on *de Nava v. DNR,* 140 Wis. 2d 213, 221, 409 N.W.2d 151 (Ct. App. 1987), the Fond du Lac county circuit court, the Honorable John W. Mickiewicz, ruled in November 1989 that the easement was void insofar as it purported to grant riparian property rights, such as the right to construct and maintain piers, to a person or association that does not own riparian property.

Thereafter, the legislature enacted sec. 30.131, Stats., permitting nonriparian landowners to maintain piers if, among other things, they had erected and maintained the piers pursuant to the written easement. In light of this change in the law, the Association moved the circuit court to reconsider its November 1989 ruling. The circuit court granted the motion and amended its ruling to comport with sec. 30.131. However, the court refused to permit related accessory uses of the easement, such as storing personal possessions on the easement, even though they were arguably permitted by the terms of the written easement. On May 1,

---

[3] The written easement stated, in pertinent part, that the easement "shall be for the maintenance and/or construction of private walkways and private piers and related accessories."

1991, the court entered a final judgment reflecting its rulings. The Schauers appealed from the judgment, and the Association cross-appealed.

While the appeal was pending, the parties attempted to negotiate a settlement. The court of appeals twice stayed the proceedings to allow them more time to negotiate. The parties ultimately reached a comprehensive settlement of all outstanding issues relating to the scope of the easement. They evidenced their agreement by stipulating to a written final order,[4] which the parties refer to as a "Stipulated Final Judgment and Order." The stipulated order emphasized that it was designed to bring the action to a conclusion, stating:

> The terms of this order are binding on all parties to this suit and on all successors in interest to the property affected by this order. *No party to this action or their successors and assigns may assert a legal position in any future action that is contrary to the terms of this order or which would limit the rights granted to the parties herein.*
>
> All parties to this suit have the right to bring an action for judicial enforcement of the terms of this order . . . .. If Anyone shall bring suit to enforce the terms of this order, the party or parties prevailing in such litigation shall be entitled to recover their reasonable attorneys' fees and expenses against the party or parties found in violation of this order.

(Emphasis added.)[5] The parties submitted the stipulated order to the circuit court on December 20, 1991.

---

[4] The stipulated order incorporated a "Restated Easement," clarifying the parties' rights under the "Original Easement."

[5] We do not express any opinion as to whether public policy precludes parties from waiving the right to seek relief from a judgment, order, or stipulation under sec. 806.07, Stats.

The circuit court vacated the previous judgment and entered the stipulated order on January 23, 1992. The pending appeal was then voluntarily dismissed.

On January 19, 1993, this court decided *Stoesser v. Shore Drive Partnership*, 172 Wis. 2d 660, 494 N.W.2d 204 (1993). On March 25, 1993, more than one year after the entry of the stipulated final order, the Association filed a motion pursuant to sec. 806.07, Stats., seeking relief from the stipulated order. Section 806.07(1)(f) gives circuit courts discretion to relieve a party from a judgment, order, or stipulation if "[a] prior judgment upon which the judgment is based has been reversed or otherwise vacated." The Association argued that the final judgment in this case was based on *de Nava*, and that *Stoesser* "reversed or otherwise vacated" *de Nava* insofar as *de Nava* held that an easement could not convey riparian property rights to a nonriparian property owner. Therefore, according to the Association, *Stoesser* "reversed or otherwise vacated" the judgment upon which the stipulated order was based.

By order dated June 23, 1993, the circuit court denied the motion on the ground that any further modification of the judgment required the commencement of a new action. The Association then filed a motion to reconsider, arguing that sec. 806.07(1)(f), Stats., and not a new action, was the proper mechanism for relief, because a new action would be barred by the doctrine of claim preclusion, formerly referred to as res judicata.[6] By order dated August 30, 1993, the circuit court denied the motion to reconsider on the ground that the

---

[6] In *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723 (1995), we stated that "[t]he term claim preclusion replaces res judicata; the term issue preclusion replaces collateral estoppel."

original motion was untimely because it was filed more than one year after entry of the stipulated final judgment. The Association appealed from these orders.

In a published opinion, the court of appeals affirmed the orders of the circuit court, although it disagreed with the circuit court's reasoning. *Schauer v. DeNeveu Homeowners Ass'n, Inc.,* 187 Wis. 2d 32, 36–37, 522 N.W.2d 246 (Ct. App. 1994). The court of appeals reasoned that the Association's request for relief from the stipulated final order was "essentially a request for relief from the parties' stipulation." *Id.* at 37. The court then opined that relief from a stipulation may be granted only if the moving party shows that the stipulation was the result of fraud, mistake, or misrepresentation. *Id.* (citing *Burmeister v. Vondrachek,* 86 Wis. 2d 650, 664, 273 N.W.2d 242 (1979)). Because the Association did not allege that the stipulation was the product of fraud, mistake, or misrepresentation, the court of appeals concluded that the Association had failed to state a ground for relief from the final order. *Id.* Pursuant to sec. 809.62, Stats., the Association petitioned this court for review, which was granted. We affirm the decision of the court of appeals, but we do so on grounds different from those stated by the court of appeals.

This case requires an interpretation of sec. 806.07(1), Stats. The interpretation of a statute is a question of law, which this court reviews de novo. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984). This case also requires a determination of whether the circuit court erroneously exercised its discretion in denying relief under sec. 806.07(1). *Nelson v. Taff,* 175 Wis. 2d 178, 187, 499 N.W.2d 685 (Ct. App. 1993) (citing *State ex rel. M.L.B.*

70

*v. D.G.H.,* 122 Wis. 2d 536, 541, 363 N.W.2d 419 (1985)). Generally, we will look for reasons to sustain a circuit court's discretionary decision. *Loomans v. Milwaukee Mut. Ins. Co.,* 38 Wis. 2d 656, 662, 158 N.W.2d 318, 320 (1968). We may sustain a circuit court's decision to deny relief under sec. 806.07, even though the circuit court's reasoning may have been erroneous or inadequately expressed. *See Mueller v. Mizia,* 33 Wis. 2d 311, 318, 147 N.W.2d 269 (1967). "Whether the ground assigned by the trial judge . . . is correct is immaterial if, in fact, the ruling is correct and the record reveals a factual underpinning that would support the proper findings." *Id.*

The Association argues that the court of appeals erred in holding that relief from a stipulation may be granted only if the moving party shows that the stipulation was the result of fraud, mistake, or misrepresentation. *Schauer,* 187 Wis. 2d at 37 (citing *Burmeister,* 86 Wis. 2d at 664). We agree. In *Burmeister,* we stated that "[r]elief from a stipulation may be granted where the moving party shows that the stipulation was agreed to because of fraud, mistake, or misrepresentation." *Id.* at 664. We did not state or imply that these were the only grounds for relief. Moreover, the plain language of sec. 806.07, Stats., indicates that the legislature did not intend to limit the grounds for relief from a stipulation to fraud, mistake, or misrepresentation. The statute expressly states that the court "may relieve a party . . . from a judgment, order, or stipulation for the following reasons: . . .." The statute then lists 15 different grounds for relief. The statute does not state that a court may relieve a party from a stipulation under only subsections (a) and (c), which are the only subsections that mention mistake,

71

fraud, and misrepresentation as grounds for relief. A moving party may seek relief from a judgment, order or stipulation based on any of the grounds set forth in sec. 806.07(1).

The Association next argues, as it did before the circuit court and the court of appeals, that it is entitled to relief under sec. 806.07(1)(f), Stats., which gives circuit courts discretion to relieve a party from a judgment, order, or stipulation if "[a] prior judgment upon which the judgment is based has been reversed or otherwise vacated." The Association asserts that the final judgment in this case was based on *de Nava,* and that *Stoesser* "reversed or otherwise vacated" *de Nava* insofar as *de Nava* held that an easement could not convey riparian property rights to a nonriparian property owner. Therefore, the Association concludes, *Stoesser* "reversed or otherwise vacated" the judgment upon which the stipulated order was based and, accordingly, relief is warranted under sec. 806.07(1)(f).

However, the Schauers cogently argue that prior case law is not a "prior judgment" as that term is used in sec. 806.07(1)(f), Stats. Thus, they argue, even if *Stoesser* "reversed or otherwise vacated" *de Nava,* the Association has failed to state a sufficient ground for relief under sec. 806.07(1)(f). In support of their position, the Schauers point to federal cases interpreting Federal Rule of Civil Procedure 60(b), upon which sec. 806.07 is based. Rule 60(b)(5) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> . . ..
> (5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated.

Federal case law interpreting a federal rule is persuasive authority in construing an analogous state rule.[7] The cases interpreting Rule 60(b)(5) have consistently held that "a change in applicable law does not provide a sufficient basis for relief under [Rule] 60(b)(5)." *National Business Systems, Inc. v. AM Intern, Inc.,* 607 F. Supp 1251, 1254 (N.D. Ill. 1985) (citing *Lubben v. Selective Service System,* 453 F.2d 645, 650 (1st Cir. 1972)); *see also De Filippis v. United States,* 567 F.2d 341, 343 n.4 (7th Cir. 1977).

The leading case is *Lubben,* 453 F.2d 645, in which the plaintiff obtained a permanent injunction precluding his induction into the armed services until the local board complied with certain conditions. In granting this injunction, the district court relied heavily on *Lane v. Local Board No. 17,* 315 F. Supp. 1355 (D. Mass. 1970). However, after Lubben's judgment was entered, *Lane* was reversed. *See Lane v. Local Board No. 17,* 445 F.2d 850 (1st Cir. 1971) *rev'g* 315 F. Supp. 1355. Based on this reversal, the government moved the district court to vacate the injunction issued in *Lubben.* The district court granted the motion.

Reversing the district court's order vacating the final judgment, the First Circuit Court of Appeals held that "a change in applicable law does not provide a sufficient basis for relief under Rule 60(b)(5)." *Lubben,* 453 F.2d at 650. Thus, even though the district court in

[7] *See Nelson v. Taff,* 175 Wis. 2d 178, 187, 499 N.W.2d 685 (Ct. App. 1992) ("For assistance in construction of sec. 806.07, Stats., we may refer to federal cases interpreting Rule 60(b) of the Federal Rules of Civil Procedure"); *Schwochert v. American Family Mut. Ins. Co.,* 166 Wis. 2d 97, 102–03, 479 N.W.2d 190 (Ct. App. 1991) (referring to Rule 60(b) and federal cases interpreting it), *aff'd,* 172 Wis. 2d 628, 494 N.W.2d 201 (1993).

*Lubben* relied heavily on the decision in *Lane, Lubben* was not "based on" *Lane* for purposes of relief under Rule 60(b)(5), Fed. R. Civ. P.

> For a decision to be 'based on' a prior judgment within the meaning of Rule 60(b)(5), the prior judgment must be a necessary element of the decision giving rise, for example, to the cause of action or a successful defense. *It is not sufficient that the prior judgment provides only precedent for the decision.*
>
> 'It should be noted that while 60(b)(5) authorizes relief from a judgment on the ground that the prior judgment upon which it is based has been reversed or otherwise vacated, *it does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding.*' 7 Moore's Federal Practice ¶ 60.26[3] at 325.

*Lubben,* 453 F.2d at 650 (emphasis added) (citations omitted). The Court of Appeals noted that if the district court had erroneously relied on *Lane* or if *Lane* itself were in error, the government could have corrected the error by appealing from the *Lubben* decision. *Id.* Because the government chose not to pursue an appeal, the decision became final. *Id.*

In *De Filippis,* 567 F.2d at 343 n.4, the Seventh Circuit Court of Appeals adopted the reasoning in *Lubben* and, accordingly, held that a change in applicable law does not provide a sufficient basis for relief under Rule 60(b)(5). Thereafter, the district court in *National Business Systems,* 607 F. Supp. at 1254, further clarified the meaning of a "prior judgment," stating that relief under Rule 60(b)(5) is "appropriate only when the prior judgment is seeking to be enforced or it provides

the basis for res judicata or collateral estoppel on the cause of action or a defense."

We are persuaded by the reasoning in these federal cases and expressly adopt it with respect to sec. 806.07, Stats. A judgment entered in a wholly separate case is not a "prior judgment" under sec. 806.07(1)(f). The statute contemplates relief when a prior judgment has actually served as the basis for a subsequent judgment, order, or stipulation and the prior judgment has been reversed or otherwise vacated. The statute does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled in an unrelated proceeding.[8]

Our holding is consistent with *Mullen v. Coolong,* 153 Wis. 2d 401, 451 N.W.2d 412 (1990) *(Mullen II).* In *Mullen v. Coolong,* 132 Wis. 2d 440, 393 N.W.2d 110 (Ct. App. 1986) *(Mullen I),* the court of appeals concluded that the reducing clause in Mullen's insurance policy was enforceable against Mullen. We subsequently denied Mullen's petition for review, even though the same issue, the same arguments, and the same reducing clause were pending before us in *Nicholson v. Home Ins. Cos.,* 137 Wis. 2d 581, 405 N.W.2d 327 (1987). After a remittitur of the record, and apparently

---

[8] An appellate court does not "reverse" or "vacate" the judgment of a lower court in an unrelated case. *See* RICHARD K. NEUMANN, JR., LEGAL REASONING AND LEGAL WRITING 379, 383 (1990) (Appendix A: Basic Legal Usage). When an appellate court disagrees with the judgment in an unrelated case, it can "overrule" the judgment, but it cannot "reverse" or "vacate" it. *Id.* at 379, 383. In short, precedent can either be followed or overruled. It cannot be reversed or vacated. Therefore, precedent cannot be a "prior judgment" under sec. 806.07(1)(f), Stats.

unaware of *Nicholson,* the parties in *Mullen* stipulated to a settlement and the case was dismissed. Thereafter, in *Nicholson,* 137 Wis. 2d at 600–01, we overruled *Mullen I* and reached the precise result that Mullen had advocated in her petition for review.

In light of *Nicholson,* Mullen filed a motion under sec. 806.07(1)(h), Stats., seeking relief from the stipulated settlement and dismissal order. The circuit court granted Mullen's motion, but the court of appeals reversed. We, in turn, reversed the court of appeals and held that "[u]nder these unique facts," the circuit court did not erroneously exercise its discretion in granting relief pursuant to sec. 806.07(1)(h). *Mullen II,* 153 wis. 2d at 408.

*Mullen II,* 153 Wis. 2d 401, does not affect our decision here for two reasons. First, the "unique facts" in *Mullen* are not present in this case. Absent such "unique facts," relief will generally be denied. *See e.g. Schwochert v. American Family Mut. Ins. Co.,* 166 Wis. 2d 97, 103, 479 N.W.2d 190 (Ct. App. 1991), *aff'd,* 172 Wis. 2d 628, 494 N.W.2d 201 (1993). Second, Mullen sought relief under sec. 806.07(1)(h), Stats., the catch-all provision providing for relief whenever there are "any other reasons justifying relief." Here, the Association seeks relief under sec. 806.07(1)(f). Whereas subsection (1)(h) provides circuit courts with broad discretionary authority to invoke their equitable power, subsection (1)(f) provides circuit courts with authority to grant relief only if "[a] prior judgment upon which the judgment is based has been reversed or otherwise vacated."

■

In the instant case, even if the parties reached a settlement based on *de Nava,* and *Stoesser* did in fact

overrule *de Nava*,[9] we would nonetheless hold that the Association is not entitled to relief under sec. 806.07(1)(f), Stats. *de Nava* is a wholly separate proceeding from the instant case and, therefore, it cannot be a "prior judgment" under sec. 806.07(1)(f).[10] Moreover, *Stoesser* arguably could have overruled *de Nava*, but it could not have "reversed or otherwise vacated" the judgment in *de Nava*. Indeed, the legal rights of the parties in *de Nava* did not change as a result of *Stoesser*.

As the court of appeals concluded:

> While it may be true that the parties relied upon the law as expressed in *de Nava* in negotiating a settlement and that the law may have changed in *Stoesser,* this occurrence is not a proper basis for vitiating the settlement. The parties agreed to settle their dispute even though the Schauers' appeal and the Homeowners Association's cross-appeal were pending. Settlements result from a willingness to compromise a dispute, and we cannot sanction relief from them merely because the legal climate subsequently changed. Such would do violence to the concept of finality in litigation, particularly, where as here, the parties clearly agreed that '[n]o party to this action or their successors and assigns may assert a legal position in any future action that is contrary to the terms of this order or which would limit the rights granted to the parties herein.'

---

[9] Resolution of this appeal does not require a determination of whether *Stoesser,* 172 Wis. 2d 660, overruled *de Nava,* 140 Wis. 2d 213, in any respect, and it is therefore not under consideration.

[10] For purposes of this appeal, we assume, without deciding, that the Association's sec. 806.07, Stats., motion was timely.

*Schauer,* 187 Wis. 2d at 37–38.

The decision of the court of appeals is affirmed and the cause is remanded to the circuit court to determine whether the Association is liable for attorney's fees and costs pursuant to the terms of the final order and, if so, the amount of such costs.

*By the Court.*—The decision of the court of appeals is affirmed and the cause is remanded to the circuit court for proceedings not inconsistent with this opinion.