Bonnie J. BENZIES, Plaintiff-Appellant,

v.

**ILLINOIS DEPARTMENT OF MENTAL HEALTH AND DEVELOPMENTAL DISABILITIES, Defendant-Appellee.**

No. 86–1240.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 5, 1987.

Decided Jan. 28, 1987.

Nina Puglia, Law Student, Chicago, Ill., for plaintiff-appellant.

Roma J. Stewart, Asst. Atty. Gen., Chicago, Ill., for defendant-appellee.

Before POSNER and EASTERBROOK, Circuit Judges, and PARSONS, Senior District Judge.[*]

EASTERBROOK, Circuit Judge.

Bonnie Benzies, who holds a Ph.D. in psychology, was classified as a Psychologist III in the Illinois Department of Mental Health and Developmental Disabilities. She wanted a promotion to Supervising Psychologist I, a position with higher pay. Illinois civil service rules allow promotions to occur in two ways: competition to fill vacancies, and "upgrading" of a job to reflect more accurately the incumbent's tasks. Before she acquired her Ph.D. Benzies failed twice to obtain a competitive promotion, each time being assured that a Ph.D. was necessary. When she had obtained her Ph.D. she asked for a "job audit" as a foundation for upgrading. Civil service personnel audited her work, found that she was not supervising other psychologists, and concluded that she was not eligible for non-competitive promotion. Meanwhile the Department had promoted four male psychologists—two without Ph. D.s—through the non-competitive audit and upgrade process. Benzies quit in disgust and complained to the EEOC. After that agency issued her right-to-sue letter, she filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

The district court held a bench trial and concluded that the Department had not engaged in intentional discrimination. The Department argued that the process of non-competitive upgrading is mechanical, that neutral rules govern who is promoted. Any psychologist with supervisory duties will be promoted; none without will be; the four men had supervisory duties, and Benzies did not, the Department insisted. The district court doubted this explanation but stated: "the court cannot say that it is more probably true than not true that the reasons advanced by the defendant for the promotion of [the four men] are pretext and were not sex-neutral."

[*] The Hon. James B. Parsons, of the Northern District of Illinois, sitting by designation.

Aware that such findings, even on the ultimate issue, are all but conclusive, see *Pullman-Standard v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982); *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–76, 105 S.Ct. 1504, 1511–13, 84 L.Ed.2d 518 (1985), Benzies directs her fire against what she believes is a mistake of law in the district court's opinion. The court stated that the plaintiff "has the ultimate burden of persuading the court that the reasons advanced [for the decision under attack] are a pretext *and* that a substantial or motivating factor in the defendant's decision was discrimination and but for that discrimination, the plaintiff would have been appointed." (Emphasis added.) Benzies insists that *and* should have been *or*.

■ This does not make any difference. The district court concluded both that the reasons the Department gave were not pretexts and that the Department did not act with discriminatory intent. Conjunctive versus disjunctive became immaterial. Witnesses testified that the process of noncompetitive promotion is mechanical. The district court expressed doubts, on which Benzies plays, but a doubt is not the same thing as a favorable finding. Neither finding is clearly erroneous.

■ Just in case, we add that Benzies is wrong on the law. The plaintiff must show that intentional discrimination caused the employer to take some unfavorable action. See *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 714–15, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981); *Germane v. Heckler*, 804 F.2d 366, 368 (7th Cir.1986). To have any hope of showing this, the plaintiff must puncture a neutral explanation the employer offers for its conduct. Benzies argues that if the plaintiff does so—in the argot, shows that the explanation is a "pretext"—then the district court must infer that the employer acted with discriminatory intent. Not so. A demonstration that the employer has of-fered a spurious explanation is strong evidence of discriminatory intent, but it does not compel such an inference as a matter of law. The judge may conclude after hearing all the evidence that neither discriminatory intent nor the employer's explanation accounts for the decision.

A public employer may feel bound to offer explanations that are acceptable under a civil service system, such as that one employee is more skilled than another, or that "we were just following the rules." The trier of fact may find, however, that some less seemly reason—personal or political favoritism, a grudge, random conduct, an error in the administration of neutral rules—actually accounts for the decision. Title VII does not compel every employer to have a good reason for its deeds; it is not a civil service statute. Cf. *Christie v. Foremost Insurance Co.*, 785 F.2d 584, 587 (7th Cir.1986). Unless the employer acted for a reason prohibited by the statute, the plaintiff loses. The failure of an explanation to persuade the judge supports an inference that a bad reason accounts for the decision, but it is not invariably conclusive; the presence of a sufficient explanation, however, is dispositive against the plaintiff. (A "sufficient" explanation is one that would produce the same decision whether or not the prohibited characteristic played some role.)

■ Benzies wants us to treat any failure of the employer's chosen explanation as leaving the prima facie showing of discrimination unrebutted, compelling judgment in the employee's favor. *Aikens* establishes, however, that after the case has been tried the apparatus of prima facie case and response is no longer determinative. 460 U.S. at 715, 103 S.Ct. at 1481. See also *Morgan v. South Bend Community School Corp.*, 797 F.2d 471, 480 (7th Cir.1986). Once a disparate treatment case has been tried, the question that matters is whether the plaintiff established that the employer's use of a criterion forbidden by statute caused an adverse decision. So Benzies does not have a legal ground that

compels the district court to reexamine its conclusions.

Although we conclude that the district court's findings are not clearly erroneous, we share that court's doubt about the Department's conduct. The Department has never had a female supervising psychologist, and the record would have supported a finding that Benzies got the runaround for reasons related to her sex rather than to her talents and accomplishments. The Department's defense at trial was that, when Benzies demanded a job audit, she was not supervising anyone. That may be true, but it does not explain why men were given supervisory tasks and women were not. A "neutral" rule paying supervisors more than other employees is not neutral in application if only men are given supervisory tasks. The conclusion that the decisions to upgrade the four men, and not Benzies, were correct under the rules given each employee's duties does not respond to a claim that the Department discriminated in the assignment of the supervisory duties that were indispensable to being promoted.

■ The district judge did not explicitly discuss the reasons the men were assigned the duties that made promotions possible, while Benzies was not. Much of Benzies's brief tries to show that she should have been given supervisory duties, making a promotion possible. Fed.R.Civ.P. 52(a) requires the district court to make findings on all contested issues that are important to the outcome. A review of the record in this case shows why the district court did not address this potentially dispositive question: it was not raised at trial. The pretrial orders do not mention, as issues for trial, disputes about the assignment of duties to the psychologists. The principal pretrial order, drafted by the Department, poses a series of questions about the nature of the audit and upgrade process. Benzies filed a supplemental pretrial order presenting one more question about the audit process. She did not ask the court to consider the assignment of duties. The pretrial order establishes the issues for decision, and it is too late for appellate coun-sel to reshape the case. See *Erff v. Markhon Industries, Inc.*, 781 F.2d 613 (7th Cir.1986). If issues about the failure to assign supervisory duties to Benzies were before the district judge at all, they were presented too obliquely to require a response. Each party must sharpen his own claims; those left in amorphous form by counsel need not be honed and decided by the judge. Benzies is bound by the litigation strategy in the district court. The judge addressed and resolved the matters presented to him. We are not sure that Benzies received her due from the State of Illinois, but we have no doubt that she received her due from the district court.

AFFIRMED.