Robert J. KOVALIC, Plaintiff-Appellant,†

v.

DEC INTERNATIONAL, Defendant-Respondent.

Court of Appeals

*No. 93–0333. Submitted on briefs December 3, 1993.—Decided June 23, 1994.*

(Also reported in 519 N.W.2d 351.)

For the plaintiff-appellant the cause was submitted on the briefs of *Robert J. Gingras, Wendy A. Williams* and *Paul A. Kinne* of *Gingras Law Office, S.C.* of Madison.

For the defendant-respondent the cause was submitted on the brief of *Michael H. Auen* of *Foley & Lardner* of Madison.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

163

DYKMAN, J. This is an appeal from an order denying Robert Kovalic's motion for relief from final judgment pursuant to § 806.07(1)(a), (g) and (h), STATS. This motion was brought one year after our previous decision in this case, *Kovalic v. DEC Int'l, Inc.*, 161 Wis. 2d 863, 469 N.W.2d 224 (Ct. App. 1991). Kovalic argues on appeal that after our decision, an extraordinary circumstance occurred which entitles him to relief. The extraordinary circumstance is a footnote in *Perfetti v. First Nat'l Bank of Chicago*, 950 F.2d 449, 451-52 n.4 (7th Cir. 1991), *cert. denied*, 112 S. Ct. 2995 (1992), which, he asserts, shows that we followed subsequently overruled precedent when we reversed his favorable judgment in his age discrimination case against DEC International. DEC asserts that Kovalic's appeal is frivolous, and that pursuant to RULE 809.25(3), STATS., it should be awarded attorney's fees and costs for defending this appeal.

We conclude that Kovalic has shown no extraordinary circumstance and, therefore, is not entitled to relief under § 806.07(1)(h), STATS. We therefore affirm. We also conclude that this appeal is not frivolous and, therefore, deny DEC's motion.

## DECISION

Kovalic attempts to bring this case within the rule adopted in *Mullen v. Coolong*, 153 Wis. 2d 401, 451 N.W.2d 412 (1990), and later explained in *Schwochert v. American Family Mut. Ins. Co.*, 172 Wis. 2d 628, 494 N.W.2d 201 (1993). *Mullen* and *Schwochert* hold that when the supreme court would decide a case differently had it granted one rather than another contemporaneous petition for review and the two cases have similar issues, relief should be granted under § 806.07, STATS., to the party whose petition for review was denied. But

the rule of *Mullen* and *Schwochert* is broader than the facts of those cases. *Schwochert*, 172 Wis. 2d at 634, 494 N.W.2d at 203. The question is whether any facts entitle the applicants to relief. *Id.*

Kovalic argues that he is entitled to relief because in his previous appeal, our decision relied on two cases from the Court of Appeals for the Seventh Circuit, *Brown v. M & M / Mars*, 883 F.2d 505 (7th Cir. 1989), and *Pollard v. Rea Magnet Wire Co.*, 824 F.2d 557 (7th Cir.), *cert. denied*, 484 U.S. 977 (1987). Kovalic claims that *Brown* and *Pollard* were subsequently discredited in *Perfetti*, 950 F.2d at 449.

Initially, this appears to be a case where an unsuccessful litigant asserts that after his case was decided, the law changed, and he would like to have his case judged under the new law. But Kovalic cites no cases holding that if the law changes, all cases decided under the prior law may be relitigated. And such a rule would destroy the finality of many judgments. We do not accept such a notion. Kovalic appears to accept that a change in the law does not automatically require a § 806.07, STATS., motion to be granted. He argues: (1) he "was a victim of circumstance, watching with his hands tied as the courts around him misinterpreted the law just long enough to deny him of his just relief"; (2) our previous opinion was a mistake; (3) intervening circumstances make our previous opinion inequitable; (4) by citing *Brown* and *Pollard*, the court of appeals "subjected itself to the 'controlling authority' of the Seventh Circuit," and when the Seventh Circuit "flip-flopped," the court of appeals was obligated to do so also, pursuant to § 806.07, STATS.; and (5) there was evidence adduced at the jury trial in this case which was sufficient to show that DEC was guilty of age discrimination.

165

Motions under § 806.07, STATS., are reviewed for erroneous exercise of discretion. *Nelson v. Taff*, 175 Wis. 2d 178, 187, 499 N.W.2d 685, 689 (Ct. App. 1993). Therefore, we are not deciding whether we would have granted Kovalic's motion, but whether the trial court's decision was within the wide band of decisions that a reasonable trial court could have made.

> The limited scope of our review of discretionary rulings is well settled. Generally, "[w]e will not reverse a discretionary determination by the trial court if the record shows that discretion was in fact exercised and we can perceive a reasonable basis for the court's decision." *Prahl v. Brosamle*, 142 Wis. 2d 658, 667, 420 N.W.2d 372, 376 (Ct. App. 1987). Indeed, "[b]ecause the exercise of discretion is so essential to the trial court's functioning, we generally look for reasons to sustain discretionary determinations." *Schneller v. St. Mary's Hosp.*, 155 Wis. 2d 365, 374, 455 N.W.2d 250, 254 (Ct. App. 1990), *aff'd*, 162 Wis. 2d 296, 470 N.W.2d 873 (1991).
>
> To determine whether the trial court properly exercised its discretion in a particular matter, we look first to the court's on-the-record explanation of the reasons underlying its decision. And if that explanation indicates that the court looked to and "considered the facts of the case and reasoned its way to a conclusion that is (a) one a reasonable judge could reach and (b) consistent with applicable law, we will affirm the decision even if it is not one with which we ourselves would agree." *Burkes v. Hales*, 165 Wis. 2d 585, 590, 478 N.W.2d 37, 39 (Ct. App. 1991) (footnote omitted).

*Steinbach v. Gustafson*, 177 Wis. 2d 178, 185-86, 502 N.W.2d 156, 159 (Ct. App. 1993).

166

Despite Kovalic's assertions of extraordinary circumstances, we conclude that Kovalic's motion was nothing more than an attempt to relitigate his previous appeal. Despite his arguments to the contrary, Kovalic has shown *at best* that the law has changed, and that he now wants to take advantage of those changes. We would ordinarily stop here, for that is insufficient to obtain relief under § 806.07, STATS. But we examine Kovalic's premise that the law was changed because we do not want to suggest that Kovalic's decision in this court would be different were we to conclude that he is entitled to relitigate his claim.

In our previous opinion, we concluded that a plaintiff alleging age discrimination cannot recover if all he or she proves is that the employer's reasons for firing the employee are pretextual. We held that the pretext must be a pretext for discrimination. But we also noted: "It is true that a plaintiff can, in some instances, rebut the defendant's case merely by proving that the [employer's] proffered reasons are 'unworthy of belief.' " *Kovalic*, 161 Wis. 2d at 883, 469 N.W.2d at 233. This is not much different from the court's conclusions in *Loyd v. Phillips Bros.*, 25 F.3d 518, 522 (7th Cir. 1994):

> Even if the reasons proffered are eventually found by the trier of fact not to be the real reasons for the adverse treatment, to prevail the plaintiff must still carry his ultimate burden of persuasion—to prove by a preponderance of the evidence that an illegal motive was at work. The trier of fact may infer intentional discrimination from its disbelief of the reasons put forward by the defendant and the elements of the prima facie case alone but is not required to do so.

167

And in *Nelson v. Boatmen's Bancshares, Inc.*, 26 F.3d 796 (8th Cir. 1994), the court gave a similar explanation:

> But to carry his ultimate burden of persuasion, [a plaintiff] must do more than simply discredit an employer's nondiscriminatory explanation; he must also present evidence capable of proving that the real reason for his termination was discrimination based on age. In some cases, evidence that an employer's proffered nondiscriminatory explanation is wholly without merit or obviously contrived might serve double duty; it might serve the additional purpose of permitting an inference that age discrimination was a motivating factor in a plaintiff's termination.

*Id.* at 801 (citation omitted).

A *Wisconsin Lawyer* article comes to the same conclusion we do:

> Like the majority opinion in [*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. —, 113 S. Ct. 2742 (1993)], Wisconsin has required plaintiffs in discrimination cases, who rely on a showing of pretext alone, to establish that the pretext existed to mask the employer's discriminatory motive. [*Kovalic v. DEC Int'l, Inc.*, 161 Wis. 2d 863, 876-77, 469 N.W.2d 224, 230 (Ct. App. 1991).] Similarly, the Seventh Circuit has consistently held that a plaintiff's showing that an employer's reason is pretextual does not compel a finding of discrimination. In fact, "The judge may conclude after hearing all the evidence that neither discriminatory intent nor the employer's explanation accounts for the decision." [*Benzies v. Illinois Dep't of Mental Health*, 810 F.2d 146, 148 (7th Cir.), *cert. denied*, 483 U.S. 1006 (1987).] In this jurisdiction, plaintiffs invariably have been held to the *Hicks* standard of proof.

168

Joshua B. Levy, *The Shifting Burdens of Proof in Employment Discrimination Lawsuits*, WISCONSIN LAW-YER (State Bar of Wis., Madison, Wis.), Dec. 1993, at 16, 19.

We reversed the trial court's judgment in our previous opinion because we concluded, after examining the record, that Kovalic had failed to produce any evidence that DEC discriminated against him because of age. We said: "The only fact even remotely related to age discrimination is that Colley, who folded Kovalic's responsibilities into his own after Kovalic's departure, was several years younger. However, 'the difference in age . . . in and of itself, fails to raise an inference of age discrimination . . . .' " *Kovalic*, 161 Wis. 2d at 885, 469 N.W.2d at 234 (quoting *Weihaupt v. American Medical Ass'n*, 874 F.2d 419, 430 (7th Cir. 1989)).

The very case Kovalic relies upon in his § 806.07, STATS., motion explains that our conclusion was correct. In *Perfetti*, the court said:

> Once we accept that Perfetti's reliance on circumstantial "unworthy of credence" evidence does not defeat his claim, it is tempting to go to the other extreme. Because Perfetti's evidence goes only to the question whether the Bank's proffered justification is "unworthy of credence," the jury, in finding for the plaintiff, necessarily found the Bank's witnesses and explanations "unworthy of credence." But we cannot judge the credibility of the Bank's employees. Can we reverse a jury verdict based solely on a lack of *credence* without infringing on the jury's exclusive right to judge *credibility*?
>
> The answer is, "We can." Perfetti's lack of evidence regarding age cannot insulate his jury verdict from review for sufficiency of the evidence.

*Perfetti*, 950 F.2d at 452 (emphasis in original).

Nor could Kovalic's lack of evidence insulate the verdict from review for sufficiency of the evidence. That is what we did, and we found his evidence insufficient. In this appeal, Kovalic cites eighteen examples of evidence that he asserts is evidence of discrimination. But we examined the record in Kovalic's previous appeal and concluded that those examples were not what Kovalic asserted they were. We will not do so again. A § 806.07, STATS., motion is not a second chance to make the same argument.

And we consider Kovalic's assertion that the Seventh Circuit "flip-flopped" on the issue of "pretext for discrimination" to be an exaggeration. Not all age discrimination cases are written using the same language. Were *Pollard* to be the discredited anomaly that Kovalic asserts it to be, one would expect the Seventh Circuit to have noted that. But the opposite is true. In *Anderson v. Baxter Healthcare Corp.*, 13 F.3d 1120, 1123 (7th Cir. 1994), the court examined *Hicks*, 113 S. Ct. at 2742, and concluded that the test used in *Hicks* was a version of the "pretext-only" rule used for some time in the Seventh Circuit. The court said: "While less clear, it appears that the [Supreme] Court adopted this circuit's version of the 'pretext-only' rule rather than the 'pretext-plus' approach of the First Circuit." *Anderson*, 13 F.3d at 1123 (footnote omitted).

The court in *Anderson* then cited *Pollard*, not as a discredited anomaly, but as an example of the Supreme Court's analysis in *Hicks*:

> Moreover, other language in *Hicks* tracks similar discussions found in other cases in this circuit. E.g., *Pollard v. Rea Magnet Wire Corp.*, 824 F.2d 557 (7th Cir. 1987)[,] and *Benzies v. Illinois Department of Mental Health*, 810 F.2d 146 (7th Cir. 1987).

170

In our view, the holding in *Hicks* is that a plaintiff is not entitled to judgment as a matter of law simply because she proves her prima facie case and shows that the employer's proffered reasons for her discharge are false.

*Anderson*, 13 F.3d at 1123.

In *State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 549, 363 N.W.2d 419, 425 (1985), the court concluded that the test to be used for motions brought under § 806.07(1)(h), STATS., is "extraordinary circumstances." Kovalic's briefs argue that the timing of *Pollard* is an extraordinary circumstance which entitles him to relief of the sort granted in *Mullen*, 153 Wis. 2d at 410-11, 451 N.W.2d at 416. We have explained that *Pollard* is not the anomaly that Kovalic asserts it to be, and we conclude that Kovalic's circumstances are much different than those of the plaintiff in *Mullen*. He has not shown that the trial court erroneously exercised its discretion by denying his § 806.07 motion.

## FRIVOLOUS APPEAL

DEC argues that this appeal is frivolous, entitling it to attorney's fees and costs pursuant to RULE 809.25(3), STATS. In order to find an appeal frivolous, we must find that the appeal was used or continued in bad faith, solely for the purposes of harassing or maliciously injuring DEC. RULE 809.25(3)(c)1. Alternatively, we must conclude that Kovalic or his attorney knew, or should have known, that the appeal "was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." RULE 809.25(3)(c)2.

Were this appeal to hinge on Kovalic's assertion that this court is bound by decisions of the Seventh Circuit, such as *Perfetti*, we would have no difficulty in concluding that Kovalic's appeal is frivolous. But there is more to Kovalic's argument than an assertion that we are bound by Seventh Circuit decisions. He argues that *Hicks*, 113 S. Ct. at 2742, supports his position that evidence of pretext alone can support a jury verdict, and that evidence of pretext for discrimination is unnecessary. And *Anderson*, 13 F.3d at 1123, notes the lack of clarity and possible internal inconsistencies in the Supreme Court's adoption in *Hicks* of the Seventh Circuit's version of the "pretext-only" rule in discrimination cases. Kovalic's appeal fails because we have concluded that our previous decision would not change were it written today.

The court of appeals cannot find facts. *Wurtz v. Fleischman*, 97 Wis. 2d 100, 107 n.3, 293 N.W.2d 155, 159 n.3 (1980). We therefore cannot conclude that Kovalic used this appeal solely to harass or injure DEC. Nor can we say that his appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for extension of existing law. Age discrimination cases brought under federal law still seem to have unsettled questions in them. The court in *Loyd* noted that though Title VII of the Civil Rights Act of 1964 is straightforward, the "thick judicial gloss, over twenty years deep," sometimes "blocks proper analysis of what should be uncomplicated issues of discrimination." *Loyd*, 25 F.3d at 521. Though the issue is close, we conclude that Kovalic's appeal is not frivolous.

*By the Court.*—Order affirmed.