**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK H. RALEIGH,

    Plaintiff-Appellant,

    v.

SNOWBIRD CORP., a Utah corporation;
JULIE LITCHFIELD; DANA SIRSTINS;
KERRY L. ROBERTS,

    Defendants-Appellees,

    and

VICTORIA ROGER-VASSELIN,

    Defendant.

No. 98-4033
(D.C. No.97-CV-810-K)
(Dist. of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, BARRETT, and MURPHY** Circuit Judges.

---

    Mark H. Raleigh (Raleigh) appeals the district court's grant of summary judgment in favor

of defendants Snowbird Corporation (Snowbird), Julie Litchfield (Litchfield), Dana Sirstins

(Sirstins), and Kerry L. Roberts (collectively "Defendants") on his Title VII, 42 U.S.C. § 2000e-

---

    [*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

2(a)(1), sex discrimination claim.

From November 11, 1996, to January 23, 1997, Raleigh was employed by Snowbird as a real estate time share sales associate at the Cliff Club (also known as the "Cliff Lodge").  On Sunday, January 19, 1997, Raleigh entered the Cliff Club elevator on his way to the parking terrace to meet his wife and children after a day of skiing.  Litchfield also entered the elevator.  According to Raleigh, he and Litchfield "were chatting and laughing during the few seconds we were on the elevator."  (App. to the Brief of Appellant at 102 ¶17.)  He admits he "gave . . . Litchfield a friendly good bye hug as she departed the elevator."  *Id.*  He denies that he "push[ed] her against the wall of the elevator," "grab[bed] her butt," or "attempt[ed] to kiss her."  *Id.*

On Monday, January 20, 1997, Sirstins, the Human Resources Manager at Snowbird, called Raleigh at his home and notified him that he was suspended from his employment due to a sexual harassment complaint filed against him by Litchfield.  Sirstins advised Raleigh not to talk to anyone about the complaint and not to contact Litchfield.  Raleigh told Sirstins that Litchfield was his friend and that he needed to contact her to find out what he had done to offend her.  Raleigh then telephoned Litchfield at work and told her he was sorry for whatever she thought he had done and he meant no disrespect toward her.  Litchfield informed Sirstins about the call.  Sirstins again called Raleigh and informed him that he was suspended from his employment pending the investigation of the complaint and his disregard for her instructions not to contact Litchfield.

On January 23, 1997, Raleigh received a letter from Snowbird informing him he was discharged from his employment with a no rehire status "as the result of the reasons for [his] suspension on January 20, 1997."  *Id.* at 105 ¶31.

On November 4, 1997, Raleigh filed this action, seeking declaratory relief, injunctive and

equitable relief, as well as, compensatory and punitive damages for violations of his federal statutory right to be free from sex discrimination in discipline and/or the termination of his employment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), as amended. Raleigh claimed that his suspension and termination were based upon conduct no different than that engaged in by female employees towards him who did not have their employment suspended or terminated. Thus, he alleged unlawful sex discrimination in violation of his civil rights under Title VII. Additionally, Raleigh alleged various state law claims against the individual defendants.

On February 3, 1998, the district court granted summary judgment in favor of Defendants, finding that Raleigh failed to establish a prima facie case because there were no similarly situated female employees to compare Defendants' conduct with. *Id*. at 152. The court then dismissed Raleigh's state law claims without prejudice. *Id*. at 154.

On appeal, Raleigh contends that the district court erred in granting summary judgment in favor of Defendants on his claim that he was subjected to gender discrimination in the termination of his employment based on: (1) an erroneous finding that he could not meet the "similarly situated" employee prong of the prima facie case under Title VII; (2) an erroneous finding that he failed to present evidence that his termination was pretextual; and (3) a finding that a single unsworn declaration is competent evidence to support Defendants' motion for summary judgment.

We review the district court's order granting summary judgment *de novo*, applying the same standard as the district court. *Thomas v. International Bus. Machs.*, 48 F.3d 478, 484 (10th Cir. 1995). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c). "We examine the factual record and reasonable inferences therefrom in the light most favorable to [Raleigh], who opposed summary judgment." *Thomas*, 48 F.3d at 484.

A prima facie case in a job termination case requires a showing that: (1) the plaintiff belongs to a protected class; (2) the plaintiff was terminated for violating a work rule; and (3) similarly situated non-minority employees who violated rules of comparable seriousness were treated differently. *Equal Employment Opportunity Comm'n v. Flasher Co., Inc.*, 986 F.2d 1312, 1316 (10th Cir. 1992) (citing *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1260 (10th Cir. 1988)). However, because Raleigh is male, he belongs to an historically favored group. Therefore, the prima facie case is adjusted for the specific context of reverse discrimination. *Sanchez v. Philip Morris Inc.*, 992 F.2d 244, 248 (10th Cir. 1993).

Instead of showing membership in a protected class, Raleigh must establish background circumstances which support an inference that Snowbird is an unusual employer which discriminates against the majority, *id*, and facts showing that similarly situated female employees, those accused of work rule violations of comparable seriousness, received different or more favorable treatment. *Flasher*, 986 F.2d at 316. *See e.g. Elmore v. Capstan, Inc.*, 58 F.3d 525, 530-31 (10th Cir. 1995); *Notari v. Denver Water Dep't*, 971 F.2d 585, 589 (10th Cir.1992). We agree with the district court that Raleigh presented no facts demonstrating that any female employee accused of a work rule violation received different or more favorable treatment. We also note that Raleigh failed to establish background circumstances tending to show that Snowbird is one of those unusual employers that discriminates against the majority. Consequently, we hold that Raleigh failed to establish a prima facie case of reverse sex discrimination.

Raleigh's contention that female employees engaged in the same kind of consensual conduct,

joking, teasing, hugging, and other gestures, without being suspended or terminated misses the point. In order to be "similarly situated," there must have been a complaint against a female employee for such conduct, or conduct of comparable seriousness, as there was against Raleigh. We are not concerned with whether the allegations in Litchfield's complaint are true. We are concerned with whether Snowbird discriminated against Raleigh in its termination decision based on his gender in violation of Title VII. *See e.g. Sanchez*, 992 F.2d at 248 ("we are not in the business of determining whether an employer acted prudently or imprudently . . ..."); *Flasher*, 986 F.2d at 1321 (motivation for employer's decision may have been favoritism, revenge, or random or erroneous conduct or judgment, none of which are prohibited under Title VII) (citing *Benzies v. Illinois Dep't of Mental Health & Developmental Disabilities*, 810 F.2d 146, 148 (7th Cir.), *cert. denied*, 483 U.S. 1006 (1987)).

Raleigh's remaining contentions are without merit. First, the district court did not reach the issue of pretext because Raleigh failed to establish a prima facie case. *See Flasher*, 986 F.2d at 1316-17 (detailing framework for analyzing Title VII claims). Thus, Raleigh's assertion that the district court erred in finding he failed to present evidence of pretext is moot. Second, Raleigh's contention that the district court erred in allowing Defendants to submit a second amended affidavit of Sirstins with their reply memorandum to correct a clerical error, omitting the swearing language at the end of the first affidavit, is equally without merit. The district court has ample discretion to call upon the parties to remedy defects when summary judgment is inappropriate because supporting or opposing materials are incorrect. Fed. R. Civ. P. 56(e) ("The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits."). *See Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985) (district court abused its discretion

in failing to give plaintiff meaningful opportunity to remedy obvious defects in his summary judgment materials in employment discrimination action); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (district court has broad discretion to allow parties to remedy defects).  Further, Raleigh was not prejudiced by any "new" evidence which may have been added to the amended affidavit as he had two weeks prior to the summary judgment hearing to review the material and object.

We AFFIRM the district court's grant of summary judgment in favor of Defendants on Raleigh's Title VII sex discrimination claim.

**AFFIRMED.**

Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge