**COURT OF APPEALS
DECISION
DATED AND FILED**

**June 24, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP445**

STATE OF WISCONSIN

Cir. Ct. No. 2023SC2958

IN COURT OF APPEALS
DISTRICT I

TRIPLETT DEANGELO,

PLAINTIFF-APPELLANT,

V.

MARIA BUTLER,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: REYNA I. MORALES, Judge. *Affirmed*.

¶1 WHITE, C.J.[1] Triplett DeAngelo[2] filed a small claims action against Maria Butler in January 2023, requesting $10,000 for his "wrongful

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

termination" from employment. The case was twice dismissed without prejudice due to DeAngelo's repeated failures to appear at scheduled hearings. DeAngelo moved each time to reopen the case, but the second motion to reopen was denied by the circuit court after DeAngelo failed to show good cause for his repeated absences. DeAngelo now appeals.

## BACKGROUND

¶2     On January 31, 2023, DeAngelo filed a small claims action seeking $10,000 in damages against Maria Butler. Butler is a Senior Recruiter at Manpower, a temporary staffing agency, and she worked to administer DeAngelo's assignment as a dishwasher at Ikea. The only statement DeAngelo made in support of his claim against Butler was "[w]rongful termination, advance harassments … Edna—lead at Ikea … Donnel—Ikea." The complaint did not state any claim against Butler, nor did it name Ikea, Manpower, "Edna," or "Donnel" as defendants.

¶3     At the return hearing date, both parties appeared, but the hearing was adjourned. At the following hearing on April 3, 2023, DeAngelo failed to appear and the action was dismissed without prejudice.

¶4     DeAngelo filed a motion to reopen the case on April 21, 2023. As a basis for his motion, DeAngelo wrote: "Receptionist Renaee in small claims mislead me with false information by phone call, say 'April 13th is your date March 30th is dialed.'" DeAngelo did not clarify who "Renaee" was, nor when

---

[2] DeAngelo is identified as "Triplett DeAngelo" in the court record; however, the March 8, 2024 court transcript would suggest that his actual name is "DeAngelo Triplett." We refer to him as "Triplett DeAngelo" as that is how he is denominated in the case caption.

this alleged phone call occurred. A court commissioner reviewed the motion to reopen and scheduled the matter for a hearing.

¶5 On June 27, 2023, DeAngelo filed an amended summons and complaint. The complaint again named only Butler as a defendant and reiterated the same allegations as the original complaint.

¶6 At the motion hearing on October 19, 2023, DeAngelo again failed to appear. The circuit court dismissed the case again without prejudice. On November 2, 2023, DeAngelo filed another motion to reopen. As a basis for his motion, DeAngelo stated that he failed to appear at the October 19 hearing due to "[w]ork days long, liberty on basic necessities are timed eat, shower." The second motion to reopen was reviewed by a court commissioner and set for another hearing.

¶7 At the motion hearing on March 8, 2024, the circuit court asked DeAngelo to explain why he had missed the April 3, 2023 hearing, to which DeAngelo stated, "my itinerary two days prior to this court date, I was downstairs in the room searching for information on case number 2023-SC-002955, and with that procedure error, I happened to miss checking on this court date, and it left me—it left me here for today." DeAngelo did not dispute opposing counsel's assertion that he had previously admitted to not writing down the court dates. The court also took note of the fact that there had been improper service of the amended summons and complaint. Ultimately, the court found that DeAngelo had failed to show good cause for his repeated absences and denied the motion to reopen. DeAngelo now appeals.

**STANDARD OF REVIEW**

¶8    Under WIS. STAT. § 806.07(1)(a), a court may grant a motion to reopen based on a party's "[m]istake, inadvertence, surprise, or excusable neglect[.]"  In determining whether there has been an honest mistake or excusable neglect, "the basic question is whether the … party's conduct was excusable under the circumstances, 'since nearly any pattern of conduct … could alternatively be cast as due to mistake or inadvertence or neglect.'"  *Martin v. Griffin*, 117 Wis. 2d 438, 443, 344 N.W.2d 206 (Ct. App. 1984) (quoting *Hansher v. Kaishian*, 79 Wis. 2d 374, 391, 255 N.W.2d 564 (1977)).

¶9    The denial of a motion to reopen is reviewed for an erroneous exercise of discretion.  *Kovalic v. DEC Int'l*, 186 Wis. 2d 162, 166, 519 N.W.2d 351 (Ct. App. 1994).  Reviewing courts "generally look for reasons to sustain a circuit court's discretionary determination."  *Miller v. Hanover Ins. Co.*, 2010 WI 75, ¶30, 326 Wis. 2d 640, 785 N.W.2d 493.  The denial of a motion to reopen must be affirmed if the denial "was within the wide band of decisions that a reasonable [circuit] court could have made," *Kovalic*, 186 Wis. 2d at 166, and the record on appeal "reflect[s] the circuit court's reasoned application of the appropriate legal standard to the relevant facts of the case."  *Franke v. Franke*, 2004 WI 8, ¶54, 268 Wis. 2d 360, 674 N.W.2d 832 (citation omitted).  "[I]t is the burden of the appellant to demonstrate that the [circuit] court erred[.]"  *Seltrecht v. Bremer*, 214 Wis. 2d 110, 125, 571 N.W.2d 686 (Ct. App. 1997).

**DISCUSSION**

¶10    DeAngelo's briefs give us little to consider.  DeAngelo appears to be making a complaint regarding his treatment as an employee with Ikea, relating the procedural history of the case and stating, "YOUR HONOR ONE CALL TO

RECEPTIONIST IN SMALL CLAIM WITH NOTE FOR REMINDER AND THE WRONG DATE GIVEN.  GOOD FAITH AND 802.04(1) HOLDS TRUE.  MISSED OPPORTUNITY[.]  THE FOLLOWING TIME I HAD THE WROG [sic] TIME ARRIVED LATE."

¶11    At no point in his briefs does DeAngelo explain why he has filed a claim against Butler, nor does he make any argument as to how the circuit court erred when it found that he had failed to show good cause for missing his scheduled hearings.

¶12    In opposition, Butler asserts that DeAngelo has failed to show good cause for his failure to appear at the hearings.  She points out that DeAngelo has not disputed that he failed to write down his court dates and that he has failed to provide any evidence or factual details to support his claim that "Receptionist Rena[e]e in small claims" gave him "false information."  Butler argues that DeAngelo's excuses—that he was busy "work[ing]," "eat[ing]," and "shower[ing]"—are insufficient to constitute mistake, inadvertence, surprise, or excusable neglect.  She insists that this shows merely "plain carelessness and repeated failures to follow instructions."

¶13    DeAngelo has clearly failed to meet his burden of demonstrating that the circuit court's discretionary decision was in error.  He instead spends much of his time discussing his experience as an employee at Ikea and simply restating the excuses he made before the circuit court.  This court may decline to address issues which are inadequately briefed. *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).  Further, arguments unsupported by references to legal authority will not be considered.  *Id.*  Indeed, a brief "so lacking in organization

5

and substance that for us to decide [the] issues, we would first have to develop them," is inadequate, as we "cannot serve as both advocate and judge." ***Id.*** at 647.

¶14     In addition, a "party must do more than simply toss a bunch of concepts into the air with the hope that either the … court or the opposing party will arrange them into viable and fact-supported legal theories." ***State v. Jackson***, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999).  Here, this court would essentially have to develop DeAngelo's arguments for him in order to engage in any sort of reasoned analysis.  While pro se litigants are usually granted a "degree of leeway," this court does not "impute to pro se litigants the best argument they could have, but did not, make." ***State ex rel. Wren v. Richardson***, 2019 WI 110, ¶25, 389 Wis. 2d 516, 936 N.W.2d 587.  DeAngelo's briefs do not cite to any relevant legal authority, nor do they make any argument that reasonably supports his position.

¶15     Even if this court were to disregard the fact that DeAngelo's briefs are wholly inadequate, there does not appear to be any erroneous exercise of discretion on the part of the circuit court—nor does DeAngelo point to any such erroneous exercise.  At the hearing on March 8, 2024, the circuit court considered whether or not there was good cause to grant the motion to reopen.  When DeAngelo was given an opportunity to explain why he had failed to appear at two separate hearings, he stated, "my itinerary two days prior to this court date, I was downstairs in the room searching for information … and with that procedure error, I happened to miss checking on this court date[.]"  In response, the court pointed out that DeAngelo had been sent instructions on how to appear at the hearings, and yet had missed them anyways.  Opposing counsel also pointed out—and DeAngelo did not dispute—that "he didn't bother to write down the dates." Ultimately, based "on the history of the case" and "all the other missed court

appearances," the court found that DeAngelo had failed to demonstrate good cause that would warrant reopening the case.

¶16    It cannot be said that this was an erroneous exercise of discretion on the part of the circuit court.  The court began with the first prong of the test for a motion to reopen—whether there was good cause—and found that DeAngelo's excuses were insufficient and that he could not even satisfy that first prong. Indeed, DeAngelo's excuses for missing the hearings appeared to simply be multiple different examples of carelessness and inattentiveness.  He in no way demonstrated that his mistakes were excusable under the circumstances, *see Martin*, 117 Wis. 2d at 443, and it is the appellant's burden to demonstrate in such instances that the court erred.  *Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (citing *Seltrecht*, 214 Wis. 2d at 125).

## CONCLUSION

¶17    Based on the foregoing reasons, this court concludes that DeAngelo has not demonstrated that the circuit court erroneously exercised its discretion in denying his motion to reopen.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.